# EXHIBIT C

**EXCESS FINANCIAL PRODUCTS INSURANCE POLICY**



THE
HARTFORD

**TWIN CITY FIRE INSURANCE COMPANY**
**Indianapolis, Indiana**

Coverage is provided in the Company shown above.
The Company is a stock insurance company,
herein called the Underwriters.

mber   DA 0211966-02

**NOTICE:** THIS IS A CLAIMS MADE POLICY.  EXCEPT AS MAY BE OTHERWISE PROVIDED HEREIN, THE COVERAGE OF THIS POLICY IS LIMITED TO LIABILITY FOR ACTS COVERED BY UNDERLYING INSURANCE (ITEM D.) FOR WHICH CLAIMS ARE FIRST MADE AGAINST THE INSURED(S) WHILE THE POLICY IS IN FORCE. THIS POLICY DOES NOT PROVIDE FOR THE UNDERWRITERS TO DEFEND THE INSURED, AND ANY DEFENSE COSTS AND OTHER CLAIM EXPENSE COVERED UNDER THE POLICY IS PART OF AND NOT IN ADDITION TO THE LIMIT OF LIABILITY. **PLEASE READ AND REVIEW THE POLICY CAREFULLY.**

**DECLARATIONS**

**ITEM A.**   **Name of Insured:**  (hereinafter called the "Insured")

                                 PHARMACIA CORPORATION
**Address of Insured:**    100 ROUTE 206 NORTH
                                 PEAPACK, NJ 07977

**ITEM B.**   **Policy Period:** From 12:01 a.m. on      9/01/02      To 12:01 a.m. on      9/01/03
(Standard Time at the address stated in Item A)

**ITEM C.**   **LIMIT OF LIABILITY:** $10,000,000      Aggregate each Policy Period, Including claim expense.

**ITEM D.**   **SCHEDULE OF UNDERLYING INSURANCE:**

    (1) Primary Policy:      DIRECTORS AND OFFICERS LIABILITY

        Company:      NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

        Policy Number:      569-66-78

        Limit of Liability:      $25,000,000

    (2) Underlying Excess Policy(ies): SEE EXCESS SUPPLEMENTARY DECLARATIONS

**ITEM E.**   **ENDORSEMENTS EFFECTIVE AT INCEPTION:** SEE FORM DO 00 R212 00 0505

**ITEM F.**   **TERMINATION OF PRIOR POLICY(IES):** N/A

**ITEM G.**   **DISCOVERY CLAUSE:**

    (1) Additional Premium:   150% OF THE ANNUAL PREMIUM

    (2) Additional Period:   TWELVE (12) MONTHS

Marsh
New York, New York
RECEIVED

JAN – 4 2005

**ITEM H.**   **POLICY PERIOD PREMIUM:** $857,600.10      + NJ SURCHARGE   $2,861.71

_Authorized Representative_

12/23/04
Date

0 R034 02 1103      © 2003 The Hartford



USE THIS DECLARATIONS SUPPLEMENT ON ALL NEW CLAIMS-MADE LIABILITY POLICIES WHERE A <u>ONE</u> TAIL (EXTENDED REPORTING PERIOD OR DISCOVERY PERIOD) IS REQUIRED BY NEW YORK REGULATION 121.

## NEW YORK REGULATION 121
## DECLARATIONS PAGE DISCLOSURE SUPPLEMENT

"Us" and "We" where used in this supplement mean the insurance company issuing the policy.

"Claims-made relationship" means that period of time between the effective date of the first claims-made policy between us and you (the insured) and the cancellation or nonrenewal of the last consecutive claims-made policy between such parties, where there has been no gap in coverage, but does not include any period covered by tail coverage.

### Retroactive Date/Prior Acts Exclusion Date/"Nose" Coverage

Coverage for acts or omissions that happened prior to the beginning of the policy period is referred to in this supplement as "nose" coverage. If the policy has a retroactive date feature or an exclusion or other wording deleting coverage for acts or omissions that happened before a certain date (a prior acts exclusion), then nose coverage is limited (or non existent) and **THERE IS NO COVERAGE FOR ACTS OR OMISSIONS THAT HAPPENED PRIOR TO THAT DATE.**

### Claims-Made Policy

In a claims-made policy, generally, coverage is provided for liability **ONLY IF THE CLAIM FOR DAMAGES IS FIRST MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY, AS SOON AS POSSIBLE, DURING THE POLICY PERIOD OR EXTENDED REPORTING PERIOD, IF APPLICABLE.** All coverage ceases upon termination of the policy, except for the tail coverage.

### Extended Reporting Period/Discovery Period/"Tail" Coverage

The Extended Reporting Period, or Discovery Period as it may be called, will increase the time within which a claim may be eligible for the policy's coverage. This is referred to in this supplement as "tail" coverage. The tail coverage helps to prevent the situation of a claim going uncovered because of cancellation or nonrenewal of the policy or other termination of the coverage provided by the policy. It provides for a period of time after termination of coverage during which claims first made against the Insured and reported to us in writing, for acts or omissions that happened before the termination of the coverage and otherwise covered by the policy, will be covered. Generally, this optional tail coverage can be purchased if coverage is terminated either by you or by us. If the optional tail is not purchased, an automatic tail coverage goes into effect upon termination of coverage; however, this automatic tail lasts for only 60 days, (90 days if the policyholder is a public entity as defined in section 107(a)(51) of the New York Insurance Law). After the end of the tail, you will have a gap in your insurance coverage, unless you have obtained appropriate coverage to fill the gap. **UPON TERMINATION OF COVERAGE IT IS VERY IMPORTANT THAT YOU CONSULT WITH YOUR INSURANCE AGENT OR BROKER OR OTHER PROFESSIONAL INSURANCE ADVISER.**

The length of the optional tail offered in the policy is **ONE YEAR** generally, but this option will not be available in some circumstances. It will not be available if coverage is terminated by us because of non-payment of premium or fraud and at the effective date of such termination of coverage a claims-made relationship has continued for less than one year.



### Future Premium Increases As Claims-Made Relationship Matures

.iny the first several years of being covered on a claims-made basis, claims-made rates are generally comparatively lower than rates on other types of policies generally known as occurrence policies, especially if there is no nose coverage initially, and you can expect substantial annual premium increases, independent of overall rate level increases, until the claims-made relationship reaches maturity.

### Length of Optional Tail and Premium Charge For It

The length of the optional tail offered in this policy premium charge for it is as follows (Please see the policy form and endorsements for complete details):

| Length of Optional Tail | Premium Charge for Optional Tail |
|---|---|
| TWELVE (12) MONTHS | 150% OF ANNUAL PREMIUM |

**THIS DISCLOSURE SUPPLEMENT GENERALLY DISCUSSES CERTAIN IMPORTANT FEATURES OF THE POLICY. PLEASE READ THE ENTIRE POLICY CAREFULLY AND DISCUSS IT WITH YOUR INSURANCE AGENT OR BROKER OR OTHER PROFESSIONAL INSURANCE ADVISER. THE PROVISIONS OF THE POLICY FORM AND RSEMENTS THERETO ARE CONTROLLING.**

**EXCESS FINANCIAL PRODUCTS INSURANCE POLICY**

**SCHEDULED ENDORSEMENTS**

It is agreed that Item E. Endorsements Effective At Inception is amended to read as follows:

The following endorsements are attached to and made part of this policy:

SCHEDULE

|   | RN00N02600 | 5/93 | IN WITNESS PAGE |
|---|---|---|---|
| 1 | DO00R01201 | 5/97 | EXCESS SUPPLEMENTARY DECLARATIONS |
| 2 | DO00R01301 | 5/97 | EXCESS PENDING AND PRIOR LITIGATION EXCLUSION |
| 3 | DO00R01601 | 5/97 | EXCESS ABSOLUTE PRIOR NOTICE EXCLUSION |
| 4 | GU207 | 6/78 | EXCESS RECOGNIZE DEPLETION ENDORSEMENT |
| 5 | GU207 | 6/78 | RELIANCE ON PROPOSAL ENDORSEMENT |
| 6 | DO31R35601 | 2/98 | NEW YORK AMENDATORY ENDORSEMENT |
| 7 | HG00H00900 | 3/02 | MAILING ADDRESS FOR NOTICE ENDORSEMENT |
|   | DO31R35200 | 9/96 | NEW YORK REGULATION 121 DECLARATIONS PAGE DISCLOSURE SUPPLEMENT |
|   | DO31R21300 | 5/95 | NY STATE REG NO 107 DEFENSE WITHIN LIMITS ACKNOWLEDGEMENT |

**ENDORSEMENT NO:** 1

**This endorsement, effective 12:01 am,**       9/01/02                    **forms part**
**of policy number**       DA 0211966-02

**issued to:**          PHARMACIA CORPORATION

**by:**          TWIN CITY FIRE INSURANCE CO.

## EXCESS FINANCIAL PRODUCTS INSURANCE POLICY

## EXCESS SUPPLEMENTARY DECLARATIONS

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is agreed that Item D.(2) of the Declarations is amended to read as follows:

(2)      Underlying Excess Policy(ies):

| | | |
|---|---|---|
| a. | Company: | ZURICH AMERICAN INSURANCE COMPANY |
| | Policy Number: | DOC 7912341 05 |
| | Limit of Liability: | $25,000,000      excess of      $25,000,000 |
| b. | Company: | CONTINENTAL CASUALTY COMPANY |
| | Policy Number: | DOX 120181795 |
| | Limit of Liability: | $15,000,000      excess of      $50,000,000 |
| c. | Company: | FEDERAL INSURANCE COMPANY |
| | Policy Number: | 8179-4250 |
| | Limit of Liability: | $15,000,000      excess of      $65,000,000 |
| d. | Company: | LLOYD'S OF LONDON |
| | Policy Number: | 823/FD0201790 |
| | Limit of Liability: | $5,000,000 part of $10,000,000      excess of   $80,000,000 |
| | Company: | U.S. SPECIALTY INSURANCE CO. |
| | Policy Number: | 24-MGU-02-A3090 |
| | Limit of Liability: | $5,000,000 part of $10,000,000      excess of   $80,000,000 |

DO 00 R012 01 0597                                                Page 1 of 2

**ENDORSEMENT NO:** 1

**This endorsement, effective 12:01 am,**      9/01/02           **forms part**
**of policy number**    DA 0211966-02

**issued to:**          PHARMACIA CORPORATION

**by:**             TWIN CITY FIRE INSURANCE CO.

## EXCESS FINANCIAL PRODUCTS INSURANCE POLICY

## EXCESS SUPPLEMENTARY DECLARATIONS

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is agreed that Item D.(2) of the Declarations is amended to read as follows:

(2)    Underlying Excess Policy(ies):

    e.    Company:        EXECUTIVE LIABILITY UNDERWRITERS

           Policy Number:    ELU 81708-02

           Limit of Liability:    $15,000,000    excess of    $90,000,000

    f.    Company:        ALLIED WORLD ASSURANCE COMPANY

           Policy Number:    C00875

           Limit of Liability:    $25,000,000    excess of    $105,000,000

    g.    Company:        ARCH SPECIALTY INSURANCE COMPANY

           Policy Number:    12 DOX 0520500

           Limit of Liability:    $10,000,000    excess of    $130,000,000

All other terms and conditions of this Policy remain unchanged.

# The Hartford

## EXCESS FINANCIAL PRODUCTS INSURANCE POLICY

## I.  INSURING AGREEMENT

A.  The Insurer designated in the Declarations (a Stock Insurance Company herein called the "Underwriters"), in consideration of the payment of the premium and subject to all of the terms, conditions and exclusions of this policy, agrees with the Insured(s) as follows:

The Underwriters shall provide the Insured(s) with insurance during the Policy Period which is in excess of the total limits of liability and any retention/deductible under all Underlying Insurance, as set forth in Item D of the Declarations, whether collectible or not.

## II.  LIMIT OF LIABILITY

A.  It is expressly agreed that liability for any loss shall attach to the Underwriters only after the Primary and Underlying Excess Insurers shall have duly admitted liability and shall have paid the full amount of their respective liability (hereinafter referred to as the "Underlying Insurance") and the Underwriters shall then be liable to pay only such additional amounts up to the Limit of Liability set forth in Item C of the Declarations, which shall be the maximum liability of Underwriters in each Policy Year.

B.  In the event of the reduction or exhaustion of the aggregate limits of liability under the Primary and Underlying Excess Policy(ies) by reason of losses paid thereunder for claims first made while this policy is in force, this policy, shall:

1.  in the event of such reduction, pay the excess of the reduced Primary and Underlying Excess Limits,

2.  in the event of exhaustion, continue in force as Primary Insurance, subject to the Underwriters' Limit of Liability and to other terms, conditions and exclusions of this policy,

provided always that in the latter event this policy shall only pay excess of the retention/deductible applicable to such Primary Insurance as set forth in the Primary Policy, which shall be applied to any subsequent loss in the same manner specified in such primary insurance. Written notice of exhaustion of Underlying Insurance shall be given the Underwriters immediately upon such exhaustion. Nothing herein shall be construed to provide for any duty on the part of the Underwriters to defend any Insured or to pay defense or any claim expenses in addition to the Limit of Liability set forth in Item C. of the Declarations.

C.  The inclusion of more than one Insured shall not operate to increase the Underwriters Limit of Liability as set forth in Item C of the Declarations.

## III. PRIMARY AND UNDERLYING INSURANCE

A. This policy is subject to the same warranties, terms, conditions, definitions, exclusions and endorsements (except as regards the premium, the amount and limits of liability, and duty to defend and except as otherwise provided herein) as are contained in or as may be added to the policy of the Primary Insurer, together with all the warranties, terms, conditions, exclusions and limitations contained in or added by endorsement to any Underlying Excess Policy(ies).

B. In no event shall this policy grant broader coverage than is provided by the most restrictive Primary or Underlying Excess Policy(ies).

C. It is a condition precedent to this policy that the policy(ies) of the Primary and Underlying Excess Insurers shall be maintained in full effect while this policy is in force except for any reduction of the aggregate limits contained therein (as provided for in Paragraph II(B) above).

D. Failure of the Insured to comply with the foregoing shall not invalidate this policy, but in the event of such failure, the Underwriters shall be liable only to the extent that it would have been liable had the Insured complied therewith.

## IV. COSTS, CHARGES AND EXPENSES

A. No costs, charges or expenses for investigation or defense of claims shall be incurred, or settlements made, without the Underwriters' written consent, such consent not to be unreasonably withheld; however, in the event of such consent being given, the Underwriters will pay, subject to the provisions of Paragraph II, such costs, settlements, charges or expenses. Should any claim or suit be settled or disposed of for not more than the Underlying Insurance (Item D of the Declarations) then no costs shall be paid by the Underwriters.

B. The Underwriters may, at their sole option, elect to participate in the investigation, settlement or defense of any claim against any Insured(s) for matters covered by this policy even if the Primary or Underlying Excess Policy(ies) has not been exhausted.

C. All expenses resulting from the investigation and defense of claims to which this policy applies, including court costs, appeal bonds, pre-judgment interest, and post-judgment interest, shall be included in the Limit of Liability of this policy and not in addition thereto.

## V. GENERAL CONDITIONS

A. Definitions

1. Primary Policy means the policy scheduled in Item D(1) of the Declarations.

2. Underlying Excess Policy(ies) means the policy(ies) scheduled in Item D(2) of the Declarations.

3. Underlying Insurance means all those policies scheduled in Item D of the Declarations.

4. Policy Year means the period of one year following the effective date and hour of this policy or any anniversary thereof, or if the time between the effective date or any anniversary and the termination of the policy is less than one year, such lesser period.

B. Discovery Clause

If the Underwriters shall cancel or refuse to renew this policy, the Insured shall have the right upon payment of an additional premium as set forth in Item G(1) of the Declarations, to an extension of the coverage granted by this policy in respect of any claim or claims which may be made against

the Insured during the period set forth in Item G(2) of the Declarations, after the date of such cancellation or non-renewal, but only in respect of any act committed before the date of cancellation or non-renewal of the policy. A written request for this extension, together with payment of the appropriate premium, must be made to the Underwriters within ten (10) days after the effective date of cancellation or non-renewal of this policy.

C.   Subrogation

All recoveries or payments recovered or received subsequent to a settlement under this policy shall be applied as if recovered or received prior to such settlement, and all necessary adjustments shall then be made between the Insured and the Underwriters.

D.   Cancellation Clause

This policy may be cancelled by the Insured at any time by written notice or surrender of this policy. This policy may also be cancelled by, or on behalf of, the Underwriters by delivering to the Insured or by mailing to the Insured by registered, certified or other first class mail, at the Insured's address shown in this policy, written notice stating when, not less than sixty (60) days thereafter, the cancellation shall become effective. The mailing of such notice as aforesaid shall be sufficient proof of notice, and this policy shall terminate at the date and hour specified in such notice.

If the policy shall be cancelled by the Insured, the Underwriters shall retain the customary short rate proportion of the premium hereon.

If this policy shall be cancelled by or on behalf of the Underwriters, the Underwriters shall retain the pro rata proportion of the premium hereon. Payment or tender of any unearned premium by the Underwriters shall not be a condition precedent to the effectiveness of cancellation, but such payment shall be made as soon as practicable.

If the period of limitation relating to the giving of notice is prohibited or made void by any law controlling the construction thereof, such period shall be deemed to be amended so as to be equal to the minimum period of limitations permitted by law.

E.   Termination of Any Underlying Insurance

This policy shall terminate immediately upon the termination of any Underlying Insurance, whether by the Insured or any Underlying Insurer. Notice of cancellation or non-renewal of all or part of the Underlying Insurance duly given by any such Insurer shall serve as notice of the cancellation or non-renewal of this policy by the Underwriters.

F.   Termination of Prior Policy(ies)

The taking effect of this policy shall terminate, if not already terminated, the policy(ies) specified in Item F of the Declarations.

G.   Notice

The Underwriters shall be given notice in writing as soon as is practicable (a) in the event of the cancellation of any Underlying Insurance and (b) of any additional or return premiums charged or paid in connection with any Underlying Insurance.

Any changes in coverage or in the Insured in the Underlying Insurance shall be promptly reported to the Underwriters and the Insured shall, upon request, furnish the Underwriters with copies of such changes.

In the event any claim is made against any Insured, written notice shall be given to the Underwriters at Hartford Plaza, Hartford, CT, 06115, ATTN: CLAIMS DIVISION, and otherwise pursuant to all

appropriate notice provisions contained in the Underlying Insurance. Such notice shall contain particulars sufficient to identify the Insured and the fullest information obtainable at the time.

If legal proceedings are begun, the Insured shall forward to Underwriters each pleading or document, or a copy thereof, received by the Insured or the Insured's representatives, together with copies of reports or investigations made by the Insured with respect to such proceedings.

H. Company Authorization Clause

Except as respects the giving of notice to exercise the Discovery Clause under Paragraph V(b), by acceptance of this policy, the Insured named in Item A of the Declarations agrees to act on behalf of all Insured(s) with respect to the giving and receiving of notice of claim or cancellation, the payment of premiums and the receiving of any return premiums that may become due under this policy.

I. The Insured shall give the Underwriters such information and cooperation as they may reasonably require.

J. Loss shall be paid in United States currency.

K. Appeals

In the event the Insured or the Insured's Primary or Underlying Excess Insurer(s) elects not to appeal a judgment which exceeds the Underlying Insurance, the Underwriters may elect to do so at their own expense, and shall be liable for the taxable costs, disbursements and interest incidental thereto.

L. Other Insurance

If other insurance is available to the Insured which covers a loss also covered by this policy, other than insurance that is specifically purchased as being in excess of this policy, this policy shall operate in excess of, and not contribute with, such other insurance.



**THE HARTFORD**

IN WITNESS WHEREOF, the Company has caused this policy to be executed and attested, and if required by state law, this policy shall not be valid unless countersigned by a duly authorized representative of the Company.

**TWIN CITY FIRE INSURANCE COMPANY**
HOME OFFICE - INDIANAPOLIS, INDIANA
ADMINISTRATIVE OFFICES - HARTFORD, CONNECTICUT
(A STOCK INSURANCE COMPANY MEMBER OF THE HARTFORD)

Brian S. Becker, Secretary

David Zwiener, President

RN 00 N026 00 0593
ILBP 83 01 05 89 RN
DA 0211966-02        9/01/02

ENDORSEMENT NO:          2

‿ endorsement, effective 12:01 am,      9/01/02                          forms part
of policy number       DA 0211966-02

issued to:        PHARMACIA CORPORATION

by:        TWIN CITY FIRE INSURANCE CO.


## EXCESS PENDING AND PRIOR LITIGATION EXCLUSION


**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**


This endorsement modifies insurance provided under the following:

Excess Financial Products Insurance Policy

It is agreed that in addition to any exclusions made part of the Underlying Insurance, the following exclusion shall apply to this policy:


Underwriters shall not be liable to make any payment for loss in connection with any claim made against any Insured:

1.    arising from any litigation, claims, demands, arbitration, legal or quasi-legal proceedings, decrees or judgments against any Insured occurring prior to, or pending as of, ___9/01/02___, of which any Insured had received notice or otherwise had knowledge as of such date;

2.    arising from any subsequent litigation, claims, demands, arbitration, legal or quasi-legal proceedings, decrees or judgments against any Insured arising from, or based on substantially the same matters as alleged in the pleadings of such prior or pending litigation, claims, demands, arbitration, legal or quasi-legal proceedings, decrees or judgments against any Insured; or

3.    arising from any act of an Insured which gave rise to such prior or pending litigation, claims, demands, arbitration, legal or quasi-legal proceedings, decrees or judgments against any Insured.


All other terms and conditions remain unchanged.


DO 00 R013 01 0597

**ENDORSEMENT NO:** 3

ـndorsement, effective 12:01 am,  9/01/02                                      **forms part**
**of policy number**      DA 0211966-02

**issued to:**       PHARMACIA CORPORATION

**by:**        TWIN CITY FIRE INSURANCE CO.


## EXCESS ABSOLUTE PRIOR NOTICE EXCLUSION


### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.


This endorsement modifies insurance provided under the following:

Excess Financial Products Insurance Policy

It is agreed that in addition to any exclusions made part of the Underlying Insurance, the following exclusion shall apply to this policy:

  writers shall not be liable to make any payment for loss in connection with any claim made against the Insured(s):

  where all or part of such claim is, directly or indirectly, based on, attributable to, arising out of, resulting from, or in any matter relating to wrongful acts or any facts, circumstances or situations of which notice of claim or occurrence which could give rise to a claim has been given prior to the effective date of this policy under any other policy or policies.


All other terms and conditions remain unchanged.

DO 00 R016 01 0597

**GU 207**
**(6-78)**

## ENDORSEMENT    4

This endorsement, effective on  9/01/02                           at 12:01 A.M. standard time, forms a part of

Policy No. DA 0211966-02          of the TWIN CITY FIRE INSURANCE CO.

Issued to PHARMACIA CORPORATION

David Zwiener, President

**EXCESS RECOGNIZE DEPLETION ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY**

This endorsement modifies insurance provided under the following:

Excess Financial Products Insurance Policy

Section II. **LIMIT OF LIABILITY**, is amended to include the following:

<u>D</u>. If the Primary Policy contains a specific grant of coverage that is subject to a
   sub-limit of liability, then coverage under this policy shall not apply to any
   claim that is subject to such sub-limit of liability.  However, any such claim
   shall be recognized under this policy solely for purposes of exhausting, to any
   extent, the Underlying Insurance.

All other terms and conditions of this policy remain unchanged.

Rev. Ed. Date (04/02)
GU 207 (6-78)                                                                    Page 1 of 1

GU 207
(6-78)

## ENDORSEMENT    5

This endorsement, effective on  9/01/02                                        at 12:01 A.M. standard time, forms a part of

Policy No. DA 0211966-02              of the TWIN CITY FIRE INSURANCE CO.

Issued to PHARMACIA CORPORATION

David Zwiener, President

### RELIANCE ON PROPOSAL ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

It is agreed that the Underwriters have issued this policy in reliance upon the Proposal

"Proposal" means:

(1)    the application for this policy, including any materials or information submitted
       therewith;

       any application, including any materials or information submitted therewith, for
       any policy in an uninterrupted series of policies issued by the Underwriters, or
       any insurance company controlling, controlled by or under common control with the
       Underwriters, of which this Policy is a renewal or replacement;

(3)    any application for any Underlying Insurance, including any materials or
       information submitted therewith; and

(4)    any publicly available information filed by the Insured with the United States
       Securities and Exchange Commission prior to the inception date of this policy.

All other terms and conditions of this policy remain unchanged.

Rev. Ed. Date (04/02)
GU 207 (6-78)                                                                    Page 1 of 1

**ENDORSEMENT NO:**   6

This endorsement, effective 12:01 am,   9/01/02                                               forms part
    icy number   DA 0211966-02

issued to:   PHARMACIA CORPORATION

by:   TWIN CITY FIRE INSURANCE CO.


## NEW YORK AMENDATORY ENDORSEMENT - EXCESS FINANCIAL PRODUCTS

### THIS ENDORSEMENT AMENDS THE POLICY - PLEASE READ IT CAREFULLY


### I.   CLAIMS-MADE NOTIFICATION

A.   THIS IS A CLAIMS-MADE POLICY. The policy provides no coverage for claims for any Wrongful Act committed prior to the policy retroactive date (or prior acts exclusion date) if applicable. This policy covers only claims actually made against the Insureds while the policy remains in effect and all coverage under the policy ceases upon the policy expiration date or other policy termination date, except for the automatic discovery period, unless an additional discovery period is purchased; such optional discovery period, including the automatic discovery period, is limited to one year from the policy termination date, and potential coverage gaps may arise upon expiration of the optional discovery period.

B.   In general, the nature of claims-made coverage is such that, during the first several years of the claims-made relationship, claims-made rates are generally lower than occurrence rates (assuming that coverage on an occurrence basis is available for the insurance in question) and that an Insured may expect substantial annual premium increases, independent of overall rate level increases, until the claims-made relationship reaches maturity.

### II.   DEFINITIONS

Paragraph V. A. Definitions of the policy is amended to include the following definitions:

5.   "Termination of Coverage" means:

    (a)   cancellation or nonrenewal of this policy by either the Insured or the Underwriters; or

    (b)   decrease in the limit of liability, reduction of coverage, increased self-insured retention, additional exclusion(s), or any other change in coverage less favorable to the Insured.

6.   "Public Entity" means a public entity as defined in section 107 (a)(51) of the New York Insurance Law.

7.   "Insured(s)" means the covered individual(s) pursuant to the Underlying Insurance.

### III.   DISCOVERY

Paragraph V. B Discovery Clause is deleted in its entirety and replaced by the following:

### B.   Discovery Period

Upon Termination of Coverage afforded by this policy, and only to the extent coverage is terminated, the Insured shall have the right to an Automatic Discovery Period or an Optional Discovery Period as follows:

DO 31 R356 01 0298                                                                                     Page 1 of 4

**ENDORSEMENT NO:** 6

1. Automatic Discovery Period

There shall be a period of sixty (60) days (ninety (90) days if the Insured is a Public Entity) following the effective date of such Termination of Coverage (herein referred to as the Automatic Discovery Period) in which to give written notice to the Underwriters of claims first made against the Insureds during the sixty (60) (or ninety (90)) day period for any Wrongful Act occurring prior to such Termination of Coverage and otherwise insurable under this policy. The Automatic Discovery Period shall be included within the Optional Discovery Period if such is purchased.

2. Optional Discovery Period

The Insured shall have the right, upon payment of the required additional premium, less any return premium owed because of Termination of Coverage, plus any premium for the Policy Period which is owed and not yet paid, to an extension of the insurance provided by this policy in respect of any claim first made against the Insureds during the period of one (1) year after the effective date of Termination of Coverage (herein referred to as the Optional Discovery Period) but only in respect of any Wrongful Act before the effective date of Termination of Coverage and otherwise insurable under this policy.

This right to an Optional Discovery Period shall terminate unless written notice of such election together with payment of the required additional premium due, less any return premium owed because of cancellation of this policy, plus any premium for the policy period which is owed and not yet paid, is received by the Underwriters not later than the later of: (a) sixty (60) days after the effective date of the Termination of Coverage; or (b) thirty (30) days after the Underwriters have mailed or delivered to the Insured a written advice of the amount of the required additional premium, if the Underwriters are obligated to give such written advice.

The required additional premium shall not be less than 75% nor more than 250% of the full annual premium.

No later than thirty (30) days after the effective date of Termination of Coverage, the Underwriters shall mail or deliver to the Insured, a written advice of the amount of the required additional premium; however, if this policy is canceled by the Underwriters due to non-payment of premium or fraud on the part of the Insured or the assured, the Underwriters shall not be required to provide such an advice unless requested by the Insured.

If coverage is terminated by the Underwriters because of non-payment of premium or fraud, and at the effective date of such Termination of Coverage the Underwriters have provided this insurance to the Insured on a claims-made basis without interruption for less than one year, there shall be no right to elect and purchase an Optional Discovery Period. For purposes of this paragraph only, the Automatic Discovery Period shall not be included in determining the length of time that the Underwriters have provided the Insured with coverage.

An Insured shall have the right to purchase the Optional Discovery Period for himself/herself individually if: (i) the Insured has been placed in liquidation or bankruptcy or permanently ceases operations; and (ii) the Insured or its designated trustee do not purchase the Optional Discovery Period; and (iii) within one hundred twenty (120) days of the Termination of Coverage the Underwriters have received from such assured a written request for such Optional Discovery Period coverage.

If such Insured has not paid the required additional premium when due, then such Optional Discovery Period shall be void ab initio.

The Automatic Discovery Period shall not be cancelable, and the required additional premium for the Optional Discovery Period shall be fully earned by the Underwriters at the inception of the Optional Discovery Period.

## IV   CANCELLATION, NONRENEWAL AND CONDITIONAL RENEWAL

Paragraph V. D. Cancellation Clause is deleted in its entirety and replaced by the following:

### D.   Cancellation, Nonrenewal and Conditional Renewal

1.   Cancellation

A.   This policy may be canceled by the Insured by surrender thereof to the Underwriters or by mailing to the Underwriters written notice stating when thereafter such cancellation shall be effective.

B.   If this policy has been in effect for less than sixty (60) days and is not the Underwriters' renewal, the Underwriters may cancel this policy by mailing or delivering to the Insured, at the address shown in the policy, and to the Insured's authorized agent or broker, written notice of cancellation at least twenty (20) days before the effective date of cancellation, if cancellation is for any reason other than one listed in subsection 1.(C.) below.

C.   If this policy has been in effect for sixty (60) days or more or is a renewal of a policy issued by the Underwriters, the Underwriters may cancel this policy by mailing or delivering to the Insured, at the address shown in the policy, and to the Insured's authorized agent or broker, written notice at least fifteen (15) days before the effective date of cancellation only for one or more of the following reasons:

1.   non-payment of premium;

2.   conviction of any Insureds of a crime arising out of acts increasing the hazard insured against;

3.   discovery of fraud or material misrepresentation in the obtaining of the policy or in the presentation of a claim thereunder;

4.   after issuance of this policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and which occurred subsequent to inception of the current policy period;

5.   a material change in the risk insured occurring after issuance of this policy which results in the risk becoming uninsurable in accordance with the Underwriters' objective, uniformly applied underwriting standards in effect at the time this policy was issued; or, a material change in the nature or extent of the risk occurring after issuance of this policy which causes the risk of loss to be substantially and materially increased beyond that contemplated at the time this policy was issued;

6.   a determination by the Superintendent of Insurance of the State of New York ("Superintendent") that continuation of the present premium volume of the Underwriters would jeopardize the Underwriters' solvency or be hazardous to the interests of the policyholders of the Underwriters, its creditors or the public;

7.   a determination by the Superintendent that the continuation of the policy would violate, or would place the Underwriters in violation of, any provision of the New York Insurance Laws;

8.   if this policy provides excess liability insurance, the cancellation of any of the Underlying Insurance, where such cancellation is based upon any one or more of the reasons listed above and such policies are not replaced without lapse.

D.   If the policy is canceled by the Insured, the Underwriters shall retain the customary short rate proportion of the premium. If the policy is canceled by the Underwriters, earned premium shall be

computed pro rata. Premium adjustment may be made at the time cancellation is effected or as soon as practicable thereafter.

2. Nonrenewal

    A. If the Underwriters elect not to renew this policy, the Underwriters shall mail or deliver to the Insured, at the address shown on the policy, and to such Insured's authorized agent or broker, written notice of nonrenewal at least sixty (60) days, but not more than one hundred twenty (120) days, in advance of the expiration date of the policy.

    B. The notice of nonrenewal shall set forth or be accompanied by the reason or reasons for nonrenewal.

3. Conditional Renewal

    The Underwriters may elect to condition renewal of the policy upon one or more of the following:

    a. Decrease in the Limit of Liability set forth in Item C of the Declarations;

    b. Change in type of coverage;

    c. Reduction in coverage;

    d. Increase in the Retention amounts;

    e. The addition of Policy exclusions;

    f. Increase in the premium in excess of ten (10) percent above the amount set forth in Item H of the Declarations; or

    g. Failure to satisfy conditions relating to Underlying Insurance;

    in which case the Insured will be provided with notice not less than sixty (60) nor more than one hundred twenty (120) days prior to policy expiration (except that with respect to g. above the minimum notice shall be thirty (30) days).

4. Cancellation or Nonrenewal by the Insured

    All of the above provisions regarding notice of cancellation, nonrenewal or conditional renewal shall not apply if the Insured, such Insured's authorized agent or broker, or another Insurer of the Insured has mailed or delivered written notice that the policy has been replaced or is no longer desired.

## J. NOTICE OF CLAIM

Subsection G. of Section V. of the policy is amended by adding the following to the third paragraph of Subsection G:

In addition, notice of any Claim or Wrongful Act given by or on behalf of the Insured, or written notice by or on behalf of the Insured person or any other claimant, to any licensed agent of the Underwriters in this state will be deemed notice to the Underwriters.

Failure to give notice within any period mandated by this policy shall not invalidate such notice if it was shown that such notice was given as soon as practicable.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ENDORSEMENT NO.:**   7

**This endorsement effective on at 12:01 A.M. standard time**   9/01/02

**Forms part of Policy Number:**   DA 0211966-02

**Issued to:**   PHARMACIA CORPORATION

**By:**   TWIN CITY FIRE INSURANCE CO.

### MAILING ADDRESS FOR NOTICE ENDORSEMENT

**I.**   **Notice of Claim or Wrongful Act**

   A. It is hereby understood and agreed that a notice of any claim or wrongful act shall be given in writing to the following:

*THE HARTFORD*
*CLAIMS DEPARTMENT*
*HARTFORD FINANCIAL PRODUCTS*
*2 PARK AVENUE*
*5TH FLOOR*
*NEW YORK, NEW YORK 10016*

*FACSIMILE: (212) 277-0915*

   B. It is hereby understood and agreed that where it is stated in the policy or declarations page that a notice of any claim or wrongful act shall be given in writing to The Hartford, Hartford Plaza, Hartford CT 06115 shall be deleted in its entirety and replaced with the following:

   Notice of any claim or wrongful act shall be given in writing to the following:

*THE HARTFORD*
*CLAIMS DEPARTMENT*
*HARTFORD FINANCIAL PRODUCTS*
*2 PARK AVENUE*
*5TH FLOOR*
*NEW YORK, NEW YORK 10016*

*FACSIMILE: (212) 277-0915*

## II.  **All Other Notices**

A.  **All notices for a claim or wrongful act must be mailed to the address as specified above in Item (I) of this endorsement.**

B.  It is hereby understood and agreed that all notices, except for a notice of claim or wrongful act, shall be given in writing to the following:

*THE HARTFORD*
*COMPLIANCE DEPARTMENT*
*HARTFORD FINANCIAL PRODUCTS*
*2 PARK AVENUE*
*5TH FLOOR*
*NEW YORK, NEW YORK 10016*

C.  With the exception of notice of a claim or wrongful act, it is hereby understood and agreed that where it is stated in the policy or declarations page that a notice shall be given in writing to The Hartford, Hartford Plaza, Hartford CT 06115 shall be deleted in its entirety and replaced with the following:

All notices, except for a notice of claim or wrongful act, shall be given in writing to the following:

*THE HARTFORD*
*COMPLIANCE DEPARTMENT*
*HARTFORD FINANCIAL PRODUCTS*
*2 PARK AVENUE*
*5TH FLOOR*
*NEW YORK, NEW YORK 10016*

All other terms and conditions of the policy remain unchanged.

# NEW YORK STATE REGULATION NO. 107
## DEFENSE WITHIN LIMITS ACKNOWLEDGEMENT
## & ACCOUNTING NOTIFICATION

**PLEASE READ THE FOLLOWING STATEMENT CAREFULLY AND SIGN BELOW WHERE INDICATED. IF A POLICY IS ISSUED, THIS SIGNED STATEMENT WILL BE ATTACHED TO THE POLICY.**

The undersigned authorized representative of the Insured confirms on behalf of the Insured by affixing his/her signature to this statement that it is understood and agreed that legal defense costs that are incurred shall be applied against the self-insured retention and limits of liability of this (proposed) insurance policy. It is further understood and agreed that the limits of liability contained in this (proposed) insurance policy shall be reduced, and may be completely exhausted, by legal defense costs and to the extent that policy limits are thereby exceeded, the Insurer/Underwriters shall not be liable for legal defense costs or for the amount of any judgement or settlement. The Insured shall have the right, upon written request to the Insurer/Underwriters, to an accounting of legal defense costs actually expended.

It is further understood and agreed that this statement will be attached to and form a part of the policy.

Signed: _____
        (Authorized Representative)

.le:   _____

Insured: _____
         (Name of Insured Company)

Date: _____