# EXHIBIT D



Liberty International

# LIBERTY MUTUAL INSURANCE COMPANY
(A Mutual Insurance Company, herein called the Insurer)

## EXCESS FOLLOW FORM POLICY

## DECLARATIONS

Policy Number: 078498-012

COPY

Item 1. Named Insured:     Pharmacia Corporation

Item 2. Principal Address:  100 Route 206 North
                            Peapack, NJ 07977

---

Item 3. Limit of Liability:

    Each Policy Period         $10,000,000 excess of $150,000,000

Item 4. Underlying Policies:

  (A)  Primary Policy:
      Insurer:              National Union Fire Insurance Company of Pittsburgh, Pa
      Policy Number:        569-66-78
      Limits:               $25,000,000
      Deductible:           $10,000,000
      Policy Period:        September 1, 2002 – September 1, 2003

  (B)  Other Policyies:
      Insurer:              Zurich
      Policy Number:        DOC 7912341 05
      Limits:               $25,000,000
      Excess of:            $25,000,000
      Policy Period:        September 1, 2002 – September 1, 2003

  (C)  Other Policyies:
      Insurer:              CNA Insurance
      Policy Number:        DOX 120181795
      Limits:               $15,000,000
      Excess of:            $50,000,000
      Policy Period:        September 1, 2002 – September 1, 2003

  (D)  Other Policyies:
      Insurer:              Federal Insurance Company
      Policy Number:        8179-4250
      Limits:               $15,000
      Excess of:            $65,000,000
      Policy Period:        September 1, 2003 – September 1, 2004

Case 2:18-cv-00510-ES-MAH   Document 1-4   Filed 01/12/18   Page 3 of 11 PageID: 105

- 2 -

(E) Other Policyies:
    Insurer:            Lloyds of London
    Policy Number:      823/FDO201790
    Limits:             $5,000,000 part of $10,000,000
    Excess of:          $80,000,000
    Policy Period:      September 1, 2002 – September 1, 2003

(F) Other Policyies:
    Insurer:            U.S. Specialty Insurance Company
    Policy Number:      24-MGU-02-A3090
    Limits:             $5,000,000 part of $10,000,000
    Excess of:          $80,000,000
    Policy Period:      September 1, 2002 – September 1, 2003

(G) Other Policyies:
    Insurer:            Executive Liability Underwriters
    Policy Number:      ELU 81708-02
    Limits:             $15,000,000
    Excess of:          $90,000,000
    Policy Period:      September 1, 2002 – September 1, 2003

(H) Other Policyies:
    Insurer:            Allied World Assurance
    Policy Number:      C00875
    Limits:             $25,000,000
    Excess of:          $105,000,000
    Policy Period:      September 1, 2002 – September 1, 2003

(I) Other Policyies:
    Insurer:            Arch Specialty Insurance Company
    Policy Number:      12 DOX 0520500
    Limits:             $10,000,000
    Excess of:          $130,000,000
    Policy Period:      September 1, 2002 – September 1, 2003

(J) Other Policyies:
    Insurer:            Twin City Fire Insurance Company
    Policy Number:      DA 0211966-02
    Limits:             $10,000,000
    Excess of:          $140,000,000
    Policy Period:      September 1, 2002 – September 1, 2003

LM EFF-001(6/96)

- 3 -

Item 5. Policy Period:    From   12:01 a.m. on **September 1, 2002**
                          To     12:01 a.m. on **September 2, 2003**

Local time at the address shown in Item 2.

Item 6. Endorsement(s) Effective at Inception:    2

Item 7. Termination of Prior Policy(ies):    N/A


In witness whereof, the **Insurer** has caused this policy to be signed by its President and its Secretary at Boston, Massachusetts, and countersigned below by a duly authorized representative.

*[signature]*
President

*[signature]* Dexter R. Legg
Secretary

*[signature]*
AUTHORIZED REPRESENTATIVE

3/1/05
DATE

LM EFF-001(6/96)



## LIBERTY MUTUAL INSURANCE COMPANY
(A Mutual Insurance Company, herein called the Insurer)

POLICY TERMS

Relying upon the completeness and accuracy of the statements and disclosures in the application for this Policy and upon all other information provided to the Insurer, in consideration of the payment of the premium of this Policy, the Insurer agrees as follows:

1. **Incorporation of Primary Policy:** This Policy incorporates by reference the insuring clauses, warranties, definitions, terms, conditions, exclusions and other provisions contained in the **Primary Policy** and as described in the materials submitted to the **Insurer** in connection with the application for this Policy except as regards the premium, the limit of liability, the policy period, and except as otherwise provided herein. Any changes to the **Primary Policy** shall not be binding on the **Insurer** unless specifically endorsed hereon.

2. **Definitions:** The following terms, whenever printed in boldface type in this Policy, shall have the meanings indicated below.

   2.1. **"Insurer"** means the entity issuing this Policy as named on the Declarations.

   2.2. **"Named Insured"** means the entity identified in Item 1 of the Declarations.

   2.3. **"Primary Policy"** means the policy identified in Item 4.(A) of the Declarations.

   2.4. **"Underlying Limit of Liability"** means the combined limits of liability of the **Underlying Policies**, less any reduction or exhaustion of the limits of liability due to payment of loss under those policies.

   2.5. **"Underlying Policies"** means the policies identified in Items 4.(A) and 4.(B) of the Declarations.

3. **Limit of Liability:** The **Insurer** will pay all of loss in excess of both the **Underlying Limit of Liability** plus the applicable retention or deductible under the **Primary Policy**, up to the Limit of Liability stated in Item 3 of the Declarations. The **Insurer's** maximum liability under this Policy for loss shall be the amount shown in Item 3 of the Declarations. In the event the Limit of Liability stated in Item 3 of the Declarations is exhausted by payment of loss, any and all obligations of the **Insurer** hereunder shall be deemed to be completely fulfilled and extinguished.

4. **Maintenance of Underlying Policies:** It is a condition precedent to the coverage afforded under this Policy that the insureds maintain the **Underlying Policies** with retentions/deductibles, participation/co-insurance and limits of liability (subject to reduction or exhaustion as a result of loss payments), as set forth in Items 4.(A) and 4.(B) of the Declarations. Except as provided in paragraph 4.1., this Policy only provides coverage when the **Underlying Limit of Liability** is exhausted by reason of the insurers of the **Underlying Policies** paying or being held liable to pay in legal currency the full amount of the **Underlying Limit of Liability** as loss.

   4.1 In the event one or more of the insurers under the **Underlying Policies** fails to pay loss in connection with any claim covered under the **Underlying Policies** as a result of the insolvency, bankruptcy or liquidation

LM EFF-001(6/96)


- 5 -

of said insurer, then the insureds shall be deemed self-insured for the amount of the limit of liability of said insurer which is not paid as a result of such insolvency, bankruptcy or liquidation.

5. **Reduction or Exhaustion:** In the event of reduction of the **Underlying Limits of Liability** by reason of payment of loss, this Policy shall pay excess of the reduced limits. In the event of exhaustion of the **Underlying Policies**, this Policy shall continue in force as primary insurance; provided, however, this Policy shall only pay excess of the retention or deductible applicable to the **Primary Policy**, which shall be applied to any subsequent loss in the same manner as specified in the **Primary Policy**.

   5.1 If any **Underlying Policies** bear an effective date which is prior to the Policy inception date, and any such insurance becomes exhausted or impaired by payment of loss, with respect to any claim which shall be deemed to be made prior to the Policy inception date, then with respect to any claim made after the Policy inception date, the insureds shall be deemed to be self-insured for the amount of any such **Underlying Policies** which are exhausted or impaired by payment of such loss with respect to such claim made prior to the Policy inception date.

6. **Defense and Settlement:** The insureds shall not admit liability for, offer to settle or settle any claim or incur costs of defense, where the liability, settlement and/or costs of defense are reasonably likely to involve the limit of liability of this Policy, without the **Insurer's** prior written consent, which consent shall not be unreasonably withheld.

7. **Notice of Claim:** The insureds shall give the **Insurer** notice of any claim in the same manner required by the terms and conditions of the **Primary Policy** and shall give the **Insurer** such information and cooperation as it may reasonably require. Notices to the **Insurer** shall be sent via express mail to:

   Liberty International Underwriters
   55 Water Street
   18th Floor
   New York, NY 10041

   Such notice shall be effective on the date of receipt by the **Insurer** at the above address.

8. **Policy Termination:** This Policy may be cancelled in the same manner as provided by the terms and conditions of the **Primary Policy**.

9. **Subrogation:** If any payment is made hereunder, the **Insurer** will act in concert with all other interests concerned (including those of the insureds) in the exercise of rights of recovery against any person or other entity. If any amounts are recovered, they shall be apportioned as follows:

   a. Any interests (including those of the insureds) that paid an amount by or on behalf of the insureds over and above any payment made by the **Insurer** under this Policy shall be reimbursed first up to the amount paid by them;

   b. then, the **Insurer** shall be reimbursed out of any balance then remaining up to the amount paid, and

   c. then, the interests (including those of the insureds) of which this coverage is in excess are entitled to claim the residue, if any.

10. **Assignment:** Assignment of interest under this Policy shall not bind the **Insurer** unless its consent is endorsed hereon.

11. **Conformity to Statute:** Any terms of this Policy which are in conflict with the terms of any applicable laws construing this Policy are hereby amended to conform to such laws.

LM EFF-001(6/96)

- 6 -

12. **Entire Agreement:** By acceptance of this Policy, the insureds and the **Insurer** agree that this Policy, including the Declarations, the application and any written endorsements attached hereto, constitute the entire agreement between the parties.

13. **Representation by the Named Insured:** The Named Insured shall act on behalf of all the insureds for all purposes including, but not limited to, the negotiation and purchase of this Policy, the giving and receiving of all notices and correspondence, the cancellation or non-renewal of this Policy, the payment of premiums, and the receipt of any return premiums that may be due under this Policy.

14. **Mutual Policy Conditions:** This Policy is nonassessable. The **Named Insured** is a member of the **Insurer's** company and shall participate to the extent and upon the conditions fixed and determined by the board of directors in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

*Edmund F. Kelly*

Edmund F. Kelly
President

*Dexter R. Legg*

Authorized Representative of
Liberty Mutual Insurance Company

LM EFF-001(6/96)



## LIBERTY MUTUAL INSURANCE COMPANY

(A Mutual Insurance Company, hereinafter called the Insurer)

### ENDORSEMENT NO. 1

| | | | | |
|---|---|---|---|---|
| This endorsement, effective | **September 1, 2002** | forms part of | | |
| Policy No. | 078498-012 | | issued to: | **Pharmacia Corporation** |

In consideration of the premium charged for this Policy, it is understood and agreed that the Policy is amended by the addition of the following paragraph:

15.  Exclusion: the Insurer shall not be liable to make any payment in connection with any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:

   a. any prior and/or pending litigation, administrative proceeding or investigation as of <u>September 1, 2002</u>; or

   b. any fact, circumstance, situation, event or transaction underlying or alleged in such litigation, administrative proceeding or investigation,

   regardless of the legal theory upon which such claim is predicated.

All other terms and conditions of the Policy remain unchanged.

_____
Authorized Representative of
Liberty Mutual Insurance Corporation

_3/1/05_____
Date



## LIBERTY MUTUAL INSURANCE COMPANY

(A Mutual Insurance Company, hereinafter called the Insurer)

### ENDORSEMENT NO. 2

| | | | | |
|---|---|---|---|---|
| This endorsement, effective | September 1, 2002 | forms part of | | |
| Policy No.  078498-012 | | issued to: | Pharmacia Corporation |

### NOTICE ENDORSEMENT

Notice of Membership in Liberty Mutual Holding Company Inc.

While this policy is in effect, the named insured first named in the Declarations is a member of Liberty Mutual Holding Company Inc. and is entitled to vote either in person or by proxy at any and all meetings of the members of said company. The Annual Meeting of Liberty Mutual Holding Company Inc. is in Boston, Massachusetts, on the second Wednesday in April each year at ten o'clock in the morning.

The named insured first named in the Declarations shall participate in the distribution of any dividends declared by us for this Policy. The amount of such Named Insured's participation is determined by the decision of Liberty Mutual Holding Company Board of Directors in compliance with any laws that apply.

_[signature]_  _[signature]_
SECRETARY        PRESIDENT

_[signature]_
Authorized Representative of
Liberty Mutual Insurance Company

3/1/05
Date

## Liberty Mutual Insurance Company

### Notice of Membership in Liberty Mutual Holding Company Inc.
### and
### Notice of Annual Meeting

Your policy includes a statement regarding membership rights in Liberty Mutual Holding Company Inc. Liberty Mutual Insurance Company is a Massachusetts stock insurance company subsidiary of Liberty Mutual Holding Company Inc., a Massachusetts mutual holding company. Insurance is provided by Liberty Mutual Insurance Company. The named insured first named in the declarations is a member of Liberty Mutual Holding Company Inc.

As a member of Liberty Mutual Holding Company Inc., the named insured first named is entitled, among other things, to vote either in person or by proxy at the annual meeting or special meetings of said company. The Annual Meeting of Liberty Mutual Holding Company Inc. is at its offices located at 175 Berkeley Street, Boston, Massachusetts, on the second Wednesday in April each year at ten o'clock in the morning.

Members of Liberty Mutual Holding Company Inc. may request a copy of the company's annual financial statements, which are posted on Liberty Mutual's website at www.libertymutual.com, by writing to Liberty Mutual Holding Company Inc., 175 Berkeley Street, Boston, Massachusetts, 02117, Attention: Corporate Secretary.



## LIBERTY MUTUAL INSURANCE COMPANY

(A Mutual Insurance Company, hereinafter called the Insurer)

### ENDORSEMENT NO. 3

| | | | |
|---|---|---|---|
| This endorsement, effective | September 1, 2002 | forms part of | |
| Policy No.   078498-012 | | issued to: | Pharmacia Corporation |

In consideration of the additional premium of $582,273 charged, it is hereby understood and agreed that the Policy is amended as follows:

I. Item 5. Policy Period of the Declarations is deleted in its entirety and replaced with the following:

   Item 5. Policy Period    From  12:01 a.m. on **September 1, 2002**
                            To    12:01 a.m. on **April 16, 2009**

II. The Insurer shall not be liable to make any payment in connection with any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any Wrongful Act (as defined in Primary Policy) occurring or allegedly occurring on or after April 16, 2003.

III. The entire premium for this Policy shall be deemed fully earned as of April 16, 2003.

IV. The Limit of Liability as stated in Item 3. of the Declarations shall be the Limit of Liability for the entire Policy Period as set forth above and is not reinstated as a result of this Endorsement.

All other terms, conditions, and exclusions of this Policy remain unchanged.

Authorized Representative of
Liberty Mutual Insurance Company

3/1/05
Date