IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHARMACIA CORPORATION ) <br> N/K/A PFIZER INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARCH SPECIALTY INSURANCE ) <br> COMPANY, TWIN CITY FIRE ) <br> INSURANCE COMPANY, and ) <br> LIBERTY MUTUAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) | C.A. No. 2:18-cv-00510-ES-MAH |

## DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Twin City Fire Insurance Company ("Twin City") hereby answers the Complaint of Plaintiff Pharmacia Corporation ("Pharmacia") n/k/a Pfizer Inc. ("Pfizer") as follows:

With respect to the unnumbered paragraph preceding the section of the Complaint titled "Preliminary Statement," Twin City admits the allegations regarding its principal place of business. Twin City lacks knowledge or information sufficient to form a belief as about the truth of the remaining allegations in the paragraph and therefore denies them.

**PRELIMINARY STATEMENT**

1.  Twin City admits that Pfizer seeks the relief described in the first sentence of this paragraph, but denies that Pfizer is entitled to any such relief. Twin City denies the remaining allegations in this paragraph.

2.  Twin City states that the allegations in this paragraph refer to the contents of a document that speaks for itself, and Twin City denies all allegations that are inconsistent with the contents of that document.

3.  Twin City states that the allegations in this paragraph refer to the contents of documents that speak for themselves, and Twin City denies all allegations that are inconsistent with the contents of those documents.

4.  Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph and therefore denies them. Twin City admits that Pfizer seeks the relief described in the second sentence of this paragraph, but denies that Pfizer is entitled to any such relief.

5.  Twin City denies the allegations in this paragraph asserted against it. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph asserted against other defendants and therefore denies them.

6.  Twin City admits that Pfizer seeks the relief described in this paragraph, but denies that Pfizer is entitled to any such relief.

**THE PARTIES**

7.  Twin City admits that Pfizer is a Delaware corporation with its principal place of business in New York and that it is the successor to Pharmacia. Twin City lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

8. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

9. Twin City admits the allegations in the first sentence of this paragraph. Twin City further admits that it is authorized to sell or write insurance in New Jersey but denies the remaining allegations in this paragraph.

10. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

## JURISDICTION AND VENUE

10. The first sentence of this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Twin City denies the allegations in that sentence. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence and therefore denies them.[1]

11. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Twin City denies the allegations in this paragraph.

## FACTUAL ALLEGATIONS

12. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

13. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

---

[1] The Complaint contains two paragraphs numbered "10."

14. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

15. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

## I. THE INSURANCE POLICIES

16. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

17. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

18. Twin City lacks knowledge or information sufficient to form a belief about the truth of allegations in the first sentence of this paragraph and therefore denies them. The second sentence of this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Twin City denies the allegations in that sentence.

19. Twin City states that the allegations in this paragraph refer to the contents of documents that speak for themselves, and Twin City denies all allegations that are inconsistent with the contents of those documents.

20. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

21. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

22. Twin City denies the allegations in this paragraph asserted against it, except that it admits that it issued Policy No. DA0211966-02 (the "Twin City Policy") and that it disputes its obligation to pay any amounts under that policy in connection with the Garber Action. Twin

City lacks knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph asserted against other defendants and therefore denies them.

### A. The National Union Policy

23. Twin City states that the allegations in this paragraph and the corresponding footnotes refer to the contents of documents that speak for themselves and Twin City denies all allegations that are inconsistent with the contents of those documents.

24. Twin City states that the allegations in this paragraph refer to a document that speaks for itself and Twin City denies all allegations that are inconsistent with the contents of that document.

25. Twin City states that the allegations in this paragraph refer to a document that speaks for itself and Twin City denies all allegations that are inconsistent with the contents of that document.

26. Twin City denies the allegation in the first sentence of this paragraph. The second sentence refers to a document that speaks for itself and Twin City denies all allegations that are inconsistent with the contents of that document.

### B. Defendants' Policies

27. Twin City admits that the policies issued by Arch, Twin City and Liberty contain multiple provisions that have been raised in this dispute. Twin City further states that the reference to these policies "following form" to the National Union Policy is a legal conclusion to which no response is required. To the extent a response is required, Twin City denies the allegation.

28. Twin City states that the allegations in this paragraph refer to documents that speak for themselves and Twin City denies all allegations that are inconsistent with the contents of those documents.

29. Twin City states that the allegations in this paragraph refer to documents that speak for themselves and Twin City denies all allegations that are inconsistent with the contents of those documents.

### C.    The August 2002 Letter

30. Twin City admits that its policy was issued after receiving a warranty letter dated August 29, 2002 from Fred Hassan and Chis Coughlin. The warranty letter is a document that speaks for itself and Twin City denies all allegations that are inconsistent with the contents of this document. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to the remaining defendants and therefore denies them.

## II.    THE GARBER ACTION

31. Twin City states that the allegations in this paragraph refer to documents that speak for themselves and Twin City denies all allegations that are inconsistent with the contents of those documents.

32. Twin City states that the allegations in this paragraph refer to a document that speaks for itself and Twin City denies all allegations that are inconsistent with the contents of that document.

33. Twin City states that the allegations in this paragraph refer to a document that speaks for itself and Twin City denies all allegations that are inconsistent with the contents of that document.

34. Twin City states that the allegations in this paragraph refer to a document that speaks for itself and Twin City denies all allegations that are inconsistent with the contents of that document.

35. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

36. Twin City states that the allegations in the first sentence of this paragraph refer to documents that speak for themselves and Twin City denies all allegations that are inconsistent with the contents of those documents.  Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence and therefore denies them.

### III.  DEFENDANTS' REFUSAL TO COVER THE GARBER ACTION

37. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and therefore denies it.

38. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

39. Denied.

40. Twin City denies the allegations contained in this paragraph as they relate to Twin City.  Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to other defendants and therefore denies them.

41. Twin City states that the allegations in the first sentence of this paragraph refer to documents that speak for themselves and Twin City denies all allegations that are inconsistent with the contents of those documents.  The second sentence of this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Twin City denies the allegations in that sentence.

42. Twin City admits that it has raised the possible failure to exhaust all underlying insurance as a potential defense in this matter but denies the remaining allegations against Twin City in this paragraph.  Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations against the other defendants in this paragraph and therefore denies them.

43. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph and therefore denies them.  Twin City denies the allegations in the second sentence.

44. Twin City admits that the August 29, 2002 warranty letter operates to bar coverage for the Garber Action and denies the remaining allegations in this paragraph.

45. Denied.

46. Denied.

47. Admitted.

48. Admitted.

49. Admitted with respect to Twin City.  Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to the other defendants and therefore denies them.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

50. Twin City incorporates by reference its responses to paragraphs 1 to 49 above.

51. Denied.

52. Denied.

53. Upon information and belief, denied.

54. Denied.

## SECOND CAUSE OF ACTION, IN THE ALTERNATIVE
## (ANTICIPATORY BREACH OF CONTRACT
## AGAINST TWIN CITY AND LIBERTY)

55. Twin City incorporates by reference its responses to paragraphs 1 to 54 above.

56. Denied.

57. Denied.

58. Denied.

59. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

60. Denied.

## THIRD CAUSE OF ACTION
## (DECLARATORY RELIEF AGAINST ALL DEFENDANTS)

61. Twin City incorporates by reference its responses to paragraphs 1 to 60 above.

62. Denied.

63. Admitted.

64. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Twin City denies the allegations in this paragraph.

65. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Twin City denies the allegations in this paragraph.

66. Twin City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

67. Denied.

## PRAYER FOR RELIEF

This section of the Complaint contains requests for relief to which no response is required. Twin City denies that Pfizer is entitled to any such relief against any of the defendants.

Twin City further responds to the Complaint by asserting the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Twin City.

### SECOND AFFIRMATIVE DEFENSE

Coverage is not available pursuant to the terms, conditions, definitions and exclusions of the Twin City Policy.

### THIRD AFFIRMATIVE DEFENSE

Coverage is not available pursuant to the Excess Pending and Prior Litigation Exclusion contained in Endorsement No. 2 to the Twin City Policy

### FOURTH AFFIRMATIVE DEFENSE

Coverage is not available pursuant to the terms and conditions of the August 29, 2002 warranty letter provided to Twin City on behalf of Pharmacia.

### FIFTH AFFIRMATIVE DEFENSE

Coverage may be unavailable pursuant to the Excess Absolute Prior Notice Exclusion contained in Endorsement No. 3 to the Twin City Policy.

### SIXTH AFFIRMATIVE DEFENSE

Coverage may be unavailable to the extent that any of the underlying excess insurers have not duly admitted liability and paid the full amount of their respective liability in accordance with Section II. A. of the Twin City Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Coverage is not available to the extent that any underlying insurance policy does not provide coverage because, pursuant to Section III. B of the Twin City Policy, in no event shall the Twin City Policy grant broader coverage than is provided by the most restrictive underlying insurance policy.

## EIGHTH AFFIRMATIVE DEFENSE

Coverage is not available to the extent that any materials or information comprising the Proposal, as that term is defined in the Reliance on Proposal Endorsement contained in Endorsement No. 5 to the Twin City Policy, may have been inaccurate.

## NINTH AFFIRMATIVE DEFENSE

Coverage is not available to the extent that any of the relief sought in the Complaint does not constitute Loss, as that term is defined in any of the underlying insurance policies.

## TENTH AFFIRMATIVE DEFENSE

Coverage is not available to the extent that any costs, charges or expenses were incurred, or settlements made without Twin City's written consent.

## ELEVENTH AFFIRMATIVE DEFENSE

Coverage is not available for any party not constituting an Insured as that term is defined in the underlying insurance.

## TWELFTH AFFIRMATIVE DEFENSE

Coverage is not available to the extent that "other insurance" is available pursuant to Section L of the Twin City Policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

Coverage is not available to the extent it has been released by Pfizer pursuant to any agreement or release entered into between Pfizer and Twin City or its affiliated entities.

### FOURTEENTH AFFIRMATIVE DEFENSE

Coverage is not available to the extent it is barred by the known-loss doctrine or because the Garber Action is not deemed to constitute a fortuitous loss.

### FIFTEENTH AFFIRMATIVE DEFENSE

Coverage is not available to the extent the doctrines of waiver or estoppel apply.

### SIXTEENTH AFFIRMATIVE DEFENSE

The maximum liability of Twin City shall in no event exceed the limit of liability under Item C of the Policy Declarations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Twin City affirmatively asserts any other matter that constitutes an avoidance or defense under applicable law. Twin City reserves the right to interpose any and all defenses available to it under federal and state law which may be applicable to this action as they become available or apparent, or as they may be established during discovery and by the evidence in this case. Twin City reserves the right to amend the foregoing Answer and Affirmative Defenses.

**WHEREFORE**, Twin City respectfully requests that this Court deny Pfizer's requested relief against Twin City, dismiss the Complaint in its entirety with prejudice as against Twin City and declare Twin City's rights and duties as follows:

1. That this Court adjudge, determine and declare that coverage under the Twin City Policy is unavailable for the Garber Action, and that Pfizer does not have any right to any other

recovery under the Twin City Policy and/or any policy of insurance issued or allegedly issued by Twin City;

      2.      That this Court adjudge, determine and declare that Twin City is entitled to reimbursement of the costs and disbursements of this action, including but not limited to reasonable attorneys' fees; and

      3.      That this Court grant Twin City such other and further relief as this Court may deem just, proper and equitable.

Date: March 2, 2018              Respectfully submitted,

                                    **CLYDE & CO US LLP**

                                    By:    <u>s/Marianne May</u>
                                    Marianne May (NJ Attorney ID No. 4703-1997)
                                    200 Campus Drive, Suite 300
                                    Newark, NJ 07932
                                    (973) 210-6700

                                    *Attorneys for Defendant*
                                    *Twin City Fire Insurance Company*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I certify under penalty of perjury that the matter in controversy alleged in the foregoing Complaint is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

Dated: March 2, 2018  **CLYDE & CO US LLP**

By: <u>s/Marianne May</u>
Marianne May (NJ Attorney ID No. 4703-1997)
200 Campus Drive, Suite 300
Newark, NJ 07932
(973) 210-6700

*Attorneys for Defendant*
*Twin City Fire Insurance Company*