WHITE AND WILLIAMS LLP
Andrew Hamelsky, Esq.
Erica Kerstein, Esq. (admitted *pro hac vice*)
Elyor Pogorelskiy, Esq. (admitted *pro hac vice*)
The Legal Center, One River Front Plaza
1037 Raymond Blvd. Suite 230
Newark, New Jersey 07102
201-368-7206
*Attorneys for Defendant*
*ARCH SPECIALTY INSURANCE COMPANY*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
------------------------------------------------------------------x
PHARMACIA CORPORATION N/K/A PFIZER INC.,

                Plaintiff,

    -against-

ARCH SPECIALTY INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY,

                Defendants.
------------------------------------------------------------------x

No.: 2:18-cv-00510-ES-MAH

**Motion Day: May 7, 2018**

**DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S**
**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF ITS MOTION, PURSUANT TO FED. R. CIV. P. 12(b)(6),**
**TO DISMISS PLAINTIFF'S COMPLAINT**

## **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ........................................................................................1
II. ARGUMENT ...............................................................................................3
    A. Arch's Motion Meets The Rule 12(b)(6) Standard For Dismissal. ......3
    B. Arch's Motion Succeeds Under New York And New Jersey Law.......5
        1. Choice-of-Law Analysis is Unnecessary. ..................................5
        2. The New York Choice-of- Law Provision Governs. ..................5
        3. New Jersey's Choice-of-Law Analysis Favors New York Law.6
    C. The Pending and Prior Litigation Exclusion Precludes Coverage........8
    D. The Prior Knowledge Exclusion Precludes Coverage. .......................12
III. CONCLUSION...........................................................................................15

# TABLE OF AUTHORITIES

**PAGES**

**CASES**

*Abdelgadir Aboied v. Saudi Arabian Airlines Corp.*,
   566 F. App'x 34 (2d Cir. 2014) ...........................................................................15

*Am. R. Express Co. v. Lindenburg*,
   260 U.S. 584 (1923) .............................................................................................15

*Bernstein v. United States (In re Bernstein)*,
   Nos. 15-33303 (JNP), 16-1002, 2017 Bankr. LEXIS 1537, 120
   A.F.T.R.2d (RIA) 5306 (Bankr. D.N.J. June 6, 2017) ........................................15

*Colliers Lanard & Axilbund v. Lloyds of London*,
   458 F.3d 231 (3d Cir. 2006) ................................................................................14

*Cristal USA Inc. v. XL Specialty Ins. Co.*,
   No. 2494, 2017 Md. App. LEXIS 210 (Md. App. Feb. 24, 2017) .......................9

*Cushman & Wakefield, Inc. v. Ill. Nat'l Ins. Co.,* No. 14 C 8725, 2018
   U.S. Dist. LEXIS 67523 (N.D. Ill. Apr. 20, 2018) ..............................................10

*Dormitory Auth. v. Cont'l Cas. Co.*, 756 F.3d 166, 168 (2d Cir. 2014) ..................10

*Federal Insurance Company v. Raytheon Company*,
   426 F.3d 491 (1st Cir. 2005) ...............................................................................11

*First Trenton Indem. Co. v. River Imaging, P.A.*, No. A-6191-06T3,
   2009 N.J. Super. Unpub. LEXIS 2190, at *1 (N.J. App. Div. Aug.
   11, 2009) .............................................................................................................11

*FPM Fin. Servs., LLC v. Redline Prods.*,
   Civil Action No. 10-6118 (MAS) (LHG), 2013 U.S. Dist. LEXIS
   132581 (D.N.J. Sep. 17, 2013) .............................................................................7

*Gluck v. Exec. Risk Indem., Inc.*,
   680 F. Supp. 2d 406 (E.D.N.Y. 2010) .................................................................14

*Huertas v. City of Camden*,
   Civil Action No. 05-5375 (JBS), 2007 U.S. Dist. LEXIS 11375
   (D.N.J. Feb. 14, 2007) ..........................................................................................4

*Integral Res. (PVT) Ltd. v. ISTIL Grp., Inc.*,
    155 F. App'x 69 (3d Cir. 2005) ................................................................................8

*Lincoln Ben. Life Co. v. Wells Fargo Bank, N.A.*,
    No. 17-02905, 2017 U.S. Dist. LEXIS 209770 (D.N.J. Dec. 20,
    2017) ........................................................................................................................7

*Lonza, Inc. v. The Hartford Accident & Indem. Co.*, 820 A.2d 53, 64
    (N.J. App. Div. 2003) ..............................................................................................8

*MacDonald v. CashCall, Inc.*,
    883 F.3d 220 (3d Cir. 2018) ....................................................................................6

*Metro. Life Ins. Co. v. McTague*,
    9 A. 766 (1887) .....................................................................................................13

*Muir v. Early Warning Servs., LLC*,
    Civil Action No. 16-0521 (SRC)(CLW), 2017 U.S. Dist. LEXIS
    92933 (D.N.J. June 16, 2017) .................................................................................4

*Napoliello v. Metro. Life Ins. Co.*,
    Civil Action No. 05-5534 (JAG), 2008 U.S. Dist. LEXIS 47994
    (D.N.J. June 19, 2008) ..........................................................................................14

*Nat'l Union Fire Ins. Co. v. Ambassador Grp., Inc.*, 691 F. Supp. 618
    (E.D.N.Y. 1988) ....................................................................................................10

*Nitterhouse Concrete Prods. v. Dobco Grp., Inc.*,
    No. 16-cv-08397 (WHW)(CLW), 2018 U.S. Dist. LEXIS 56762
    (D.N.J. Apr. 3, 2018) ...............................................................................................3

*NL Indus. v. Commercial Union Ins. Co.*,
    154 F.3d 155 (3d Cir. 1998) ....................................................................................7

*O'Boyle v. Braverman*,
    337 F. App'x 162 (3d Cir. 2009) .............................................................................7

*Papalia v. Arch Ins. Co.*,
    2017 U.S. Dist. LEXIS 121520 (D.N.J. Aug. 1, 2017) .........................................12

*Port Auth. v. Arcadian Corp.*,
    991 F. Supp. 390 (D.N.J. 1997) ..............................................................................5

*RBC Bank (USA) v. Riley, Riper, Hollin & Colagreco*,
   Civil Action No. 09-cv-00431 (FLW), 2009 U.S. Dist. LEXIS
   73359 (D.N.J. Aug. 19, 2009) ..................................................................................8

*Redmond v. Ace Am. Ins. Co.*,
   614 F. App'x 77 (3d Cir. 2015) ...............................................................................12

*Regal-Pinnacle Integrations Indus. v. Phila. Indem. Ins. Co.*, 2013
   U.S. Dist. LEXIS 56941, at *1 (D.N.J. Apr. 22, 2013)...........................................11

*Schlather, Stumbar, Parks & Salk, LLP v. One Beacon Ins. Co.*,
   No. 5:10-cv-0167, 2011 U.S. Dist. LEXIS 147931 (N.D.N.Y. Dec.
   22, 2011) .................................................................................................................13

*Selko v. Home Ins. Co.*,
   139 F.3d 146 (3d Cir. 1998) ....................................................................................14

*Siwulec v. J.M. Adjustment Servs., LLC*,
   465 F. App'x 200 (3d Cir. 2012) ...............................................................................3

*Tantillo v. Citifinancial Retail Servs.*,
   No. 12-511 (MLC), 2013 U.S. Dist. LEXIS 21832 (D.N.J. Feb. 19,
   2013) .........................................................................................................................5

*TIG Ins. Co. v. Privilege Care Mktg., Inc.*,
   Civil Action No. 03-03747 (JBS), 2005 U.S. Dist. LEXIS 7428
   (D.N.J. Apr. 27, 2005) .............................................................................................13

*Weaver v. Axis Surplus Ins. Co.*,
   No. 13-CV-7374 (SJF)(ARL), 2014 U.S. Dist. LEXIS 154746
   (E.D.N.Y. Oct. 30, 2014) . Because the Garber Action ......................................10

Defendant, Arch Specialty Insurance Company ("Arch"), by its attorneys, White and Williams, LLP, respectfully submits this reply memorandum of law in further support of its pre-answer motion, pursuant to Rule 12(b)(6), to dismiss the Complaint filed by Plaintiff Pfizer, Inc. ("Pfizer"), as against Arch.[1]

## I. INTRODUCTION

This Court should grant Arch's motion to dismiss because the evidence demonstrates, as a matter of law, that there is no coverage for the Garber Action[2] because the Pending and Prior Litigation ("PPL") and Prior Knowledge Exclusions each preclude coverage independently. Arch moved on these two coverage defenses alone because they can dispose of this matter without the need for expensive discovery.

The PPL Exclusion precludes coverage — regardless of whether New York or New Jersey law applies — because the Consumer Actions and the Garber Action are based on the same alleged conduct by Pharmacia (*i.e.*, its fraud, deception, and misrepresentation relating to the safety and efficacy of Celebrex). Case law interpreting the exact same language found in the Arch Policy's PPL Exclusion makes clear that claims need not involve the same legal theories to come within the PPL exclusion, but must only share "any" common fact, circumstances,

---

[1] Arch incorporates and adopts each and every argument made in its opening brief as if fully set forth herein.
[2] Unless defined herein, capitalized terms have the same meaning as defined in Arch's opening brief.

situation or event to constitute an interrelated Claim. The cases cited by Pfizer interpreting different, narrower, PPL Exclusions are of no moment. To rule that the PPL Exclusion precludes coverage as a matter of law, the Court need only review the Arch Policy (attached to the Complaint) and the complaints filed in the Garber Action and Consumer Actions (which all form the basis of the Complaint and are matters of public record).

The Prior Knowledge Exclusion precludes coverage — regardless of whether New York or New Jersey law applies — because the evidence establishes as a matter of law that those of Pharmacia's executives who signed the Warranty Statement were aware of Celebrex-related issues at the time of execution. As a condition of coverage, it was agreed that any claims "based upon, arising from, or in any way related" to facts or circumstances within any insured persons' knowledge, such as the Celebrex-related issues, would be precluded from coverage. The case law demonstrates that the Prior Knowledge Exclusion precludes coverage if a reasonable person should have had the relevant knowledge, and that proof of the subjective knowledge of the executives is unnecessary. To determine that the Prior Knowledge Exclusion precludes coverage as a matter of law, the Court need only review the Arch Policy (attached to the Complaint), the Warranty Statement (which is part of the application incorporated by reference into the Arch Policy), and the publications (which are all matters of public record).

Accordingly, this Court should grant Arch's motion to dismiss Pfizer's coverage action as a matter of law, without converting Arch's motion to dismiss into a motion for summary judgment.

## II. ARGUMENT

### A. Arch's Motion Meets The Rule 12(b)(6) Standard For Dismissal.

It is well-settled in the Third Circuit that, in ruling on a motion to dismiss, a court generally should consider the allegations in the complaint,

> as well as documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.

*Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012) (internal quotation marks and citation omitted) (emphasis added).  Such documents "may be considered without converting the motion [to dismiss] into one for summary judgment." *Nitterhouse Concrete Prods. v. Dobco Grp., Inc.*, No. 16-cv-08397 (WHW)(CLW), 2018 U.S. Dist. LEXIS 56762, at *7 (D.N.J. Apr. 3, 2018) (internal quotation marks and citations omitted) (emphasis added).

Pfizer puts undue emphasis on the allegations in its Complaint, which consist of conclusory statements of fact and law.[3]  *See Muir v. Early Warning*

---

[3] In its opposition brief (*see* Pfizer's Opp. Br. at 6), Pfizer recites allegations from its Complaint as "brief facts," and offers them for their truth.  However, Pfizer's "allegations remain just that – unproven allegations." *Huertas v. City of Camden*, Civil Action No. 05-5375 (JBS), 2007 U.S. Dist. LEXIS 11375, at *12 (D.N.J. Feb. 14, 2007).  In contrast, recitations by Andrew Hamelsky in his opening

*Servs., LLC*, Civil Action No. 16-0521 (SRC)(CLW), 2017 U.S. Dist. LEXIS 92933, at *13-14 (D.N.J. June 16, 2017) (the Court "must disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements.") (internal quotation marks and citations omitted).  Along with Pfizer's allegations, the Court may rely on the evidence that is properly attached to Arch's motion to dismiss, including:  (1) the complaints in the Consumer Actions, which are both public records, and referenced and relied upon by Pfizer in its Complaint (Compl. ¶¶ 40-41); (2) the Warranty Statement, which is referenced in and relied upon in Pfizer's Complaint (*id.* ¶¶ 30, 44-45); (3) the Allied World Policy, which is referenced in, and relied upon, in Pfizer's Complaint (*id.* ¶ 21); and (4) the following documents, which are all public documents and records: the June 2002 *British Medical Journal* article, the August 2001 *The Wall Street Journal* article, the February 2001 FDA Warning Letter, the Pharmacia Annual Report 2000, and the Pharmacia SEC Forms 10-Q and 10-K405.

  Importantly, Pfizer does not challenge the veracity or authenticity of any of these documents, nor the facts contained therein.  Accordingly, this Court may determine, as a matter of law, based on the evidence attached to Arch's motion to dismiss, that there is no coverage for the Garber Action.

---

declaration, regarding the allegations in the Consumer Actions, are offered solely for the purpose of comparing the allegations in the Consumer Actions to the allegations in the Garber Action, and not for their truth.  Accordingly, Mr. Hamelsky's personal knowledge of the allegations is immaterial.

**B.     Arch's Motion Succeeds Under New York And New Jersey Law.**

    *1.     Choice-of-Law Analysis is Unnecessary.*

This Court need not make a choice-of-law determination because, as described in Sections II.C.-D., *infra*, this matter is amenable to resolution on a motion to dismiss under both New York and New Jersey laws. *See Port Auth. v. Arcadian Corp.*, 991 F. Supp. 390, 398-99 (D.N.J. 1997); *Tantillo v. Citifinancial Retail Servs.*, No. 12-511 (MLC), 2013 U.S. Dist. LEXIS 21832, at *16-17 (D.N.J. Feb. 19, 2013) ("[w]here an examination of the various state laws lead to the same outcome — thereby creating a 'false conflict' — the conflict of law rules of this state permit this Court to resolve the case without choosing between the laws of various states.") (internal quotation marks and citation omitted).

    *2.     The New York Choice-of- Law Provision Governs.*

If this Court determines that it must decide which law governs before ruling on the motion to dismiss, however, as addressed in Arch's opening brief (at 16-17), New York law governs based on the express choice-of-law provision contained in the immediately-underlying policy issued by Allied World Assurance Company, which is incorporated in the Arch Policy. "New Jersey courts will enforce a choice-of-law provision unless it violates public policy." *MacDonald v. CashCall,*

*Inc.*, 883 F.3d 220, 228 n.6 (3d Cir. 2018). Pfizer has not, and cannot, demonstrate that the New York choice-of-law provision violates public policy.[4]

Pfizer's argument that the choice-of-law clause is not incorporated into the Arch Policy is without merit. The Arch Policy provides that, in no event, shall it grant broader coverage than that provided by the most restrictive policy included in the Underlying Insurance.[5] (Compl. Ex. B, Section I.C.) Because application of New York law restricts the coverage provided by the Allied World policy, the Arch Policy shall not grant broader coverage than that provided by the Allied World policy.

### 3. *New Jersey's Choice-of-Law Analysis Favors New York Law.*

If this Court determines that it must decide which law governs before ruling on the motion to dismiss, and cannot rely solely on the Allied World choice-of-law clause, under New Jersey's choice-of-law analysis, this Court should also determine that New York law governs.[6] As demonstrated in Arch's opening brief

---

[4] Pfizer's reliance on *Collins v. Mary Kay, Inc.* (*see* Pfizer's Opp. Br. at 6), for the argument that choice of law provisions may not be enforced, is without merit because, as discussed in Arch's opening brief (at 17-21), and *infra*, unlike *Collins*, there are numerous material connections between this coverage dispute and New York, making the New York choice-of-law clause enforceable.

[5] Underlying Insurance includes the Allied World policy.

[6] Contrary to Pfizer's assertion, "[s]ome choice of law issues may not require a full factual record and may be amenable to resolution on a motion to dismiss," *O'Boyle v. Braverman*, 337 F. App'x 162, 164 (3d Cir. 2009), including, as in this case, where facts are contained in documents whose contents are not disputed. *Lincoln Ben. Life Co. v. Wells Fargo Bank, N.A.*, No. 17-02905, 2017 U.S. Dist. LEXIS

(at 17-21), because this matter bears a closer relationship to New York than New Jersey, New York law should govern.  The only connection that this matter had to New Jersey is that Pharmacia (a Delaware corporation) had its principal place of business in New Jersey and the Garber Action was litigated in New Jersey.  However, the Garber Action has settled and there are no longer any New Jersey residents or companies awaiting potential recovery under the Arch Policy.  In contrast, there are numerous material connections to New York, including Pfizer's current principal place of business, the location of the broker that negotiated and issued the policy, and the location where Pharmacia's and Pfizer's stock is/was traded.  In addition, Arch maintains offices in New York.  Accordingly, New York has greater interest in having its law applied.  *See*, *e.g.*, *NL Indus. v. Commercial Union Ins. Co.*, 154 F.3d 155, 159 (3d Cir. 1998) ("New Jersey's only connection with this litigation is that NL was incorporated and had some operations there.  New Jersey has a long history of attenuating the incorporation contact when conducting choice of law analysis.") (internal quotation marks and citations omitted); *RBC Bank (USA) v. Riley, Riper, Hollin & Colagreco*, Civil Action No. 09-cv-00431 (FLW), 2009 U.S. Dist. LEXIS 73359, at *27 (D.N.J. Aug. 19, 2009)

---

209770, at *5-6 (D.N.J. Dec. 20, 2017) (determining applicable law based on documents); *FPM Fin. Servs., LLC v. Redline Prods.*, Civil Action No. 10-6118 (MAS) (LHG), 2013 U.S. Dist. LEXIS 132581, at *7 (D.N.J. Sep. 17, 2013) ("Where the Parties do not dispute the contents of the writings[,]   . . . there are no genuine issues of material fact.") (internal quotation marks and citation omitted).

("the only substantial Pennsylvania contacts in this case are that RRHC's principal place of business is in Paoli, Pennsylvania and Hollin is also licensed to practice in Pennsylvania and Defendants are domiciled in Pennsylvania. But, these contacts do not rise to a level which would require Pennsylvania law to govern this issue."); *Lonza, Inc. v. The Hartford Accident & Indem. Co.*, 820 A.2d 53, 64 (N.J. App. Div. 2003) (New Jersey law does not apply because "New Jersey's only contact with this transaction is the fact that [the insured] had its principal place of business in New Jersey. The record is clear that the Zurich policies were negotiated by ALA in New York and its Massachusetts-based broker, and were executed and maintained by Zurich in Illinois, Zurich's principal American administrative office.").[7]

For all of these reasons, the Court need not make a choice-of-law determination, but if it chooses to do so, New York law should apply.

## C. **The PPL Exclusion Precludes Coverage.**

As set forth in greater detail in Arch's opening brief (at 21-26), the PPL Exclusion precludes coverage because the Garber Action and Consumer Actions all arise out of Pharmacia's alleged fraud, deception, and misrepresentations

---

[7] To the extent Pfizer is attempting to argue that Delaware law may apply because Pharmacia was incorporated there, such a minimal and insignificant connection is insufficient to justify application of Delaware law. *See Integral Res. (PVT) Ltd. v. ISTIL Grp., Inc.*, 155 F. App'x 69, 71-72 (3d Cir. 2005) (holding that "Delaware would have minimal, if any, interest" in having its law applied solely because a party was incorporated there).

relating to Celebrex's safety and efficacy. Indeed, even a cursory review of the Garber Action complaint and the Consumer Actions complaints demonstrates stark similarities between the underlying allegations giving rise to each respective action.[8]

Pfizer attempts to distinguish the Garber Action from the Consumer Actions on the ground that the Garber Action is a securities fraud action and the Consumer Actions are consumer actions. According to Pfizer, therefore, the Garber Action and Consumer Actions cannot be related because they do not involve the same legal theories. However, the New York cases relied on by Pfizer do not interpret the provision in the Arch Policy and, in any event, do not support its position.[9]

---

[8] The fact that the underlying insurers, including Allied World, supposedly paid their limits towards the Garber Action does not mean that the Pending and Prior Litigation Exclusion in the Arch Policy is inapplicable. As an initial matter, despite Arch's numerous requests, Pfizer has not disclosed any settlement documents with underlying insurers concerning the Garber Action. Next, while Arch is not in possession of all underlying policies, Arch has a copy of the Allied World policy, and notes that its prior litigation exclusion is much narrower in scope than the one in the Arch Policy. (*See* Hamelsky Dec. Ex. 6, Endorsement No. 1.) In any event, as an excess carrier, Arch is not bound by coverage determinations made by any underlying carrier. *See Cristal USA Inc. v. XL Specialty Ins. Co.*, No. 2494, 2017 Md. App. LEXIS 210 (Md. App. Feb. 24, 2017) (New York law). Finally, the fact that the Primary Policy "distinguishes" between securities claims and other claims has no bearing on whether two claims arise out of "Interrelated Wrongful Acts" under the Pending and Prior Litigation Exclusion.

[9] In *Ambassador Grp.*, 691 F. Supp. 618, 622 (E.D.N.Y. 1988), "Interrelated Acts" was not defined in the policy, and the court did not cite any authority in support of its analysis regarding whether the claims were interrelated. In *Dormitory Auth.*, 756 F.3d 166, 169 (2d Cir. 2014), the court addressed the meaning of "related claims," which were defined as "all claims made . . . and reported . . . during any

Pfizer ignores the New York decisions interpreting PPL exclusions nearly identical to the Arch PPL Exclusion. (*See* Arch's Opening Br. at 21-24.) When interpreting such broadly-worded related claims provisions, New York courts find that they only require "<u>any</u> common fact, circumstance, situation, event, transaction, cause or series of causally or logically connected facts, circumstances, situations, events, transactions or causes" and provide that "[t]o demonstrate a sufficient factual nexus, <u>the claims need not involve precisely the same parties, legal theories, Wrongful Acts, or requested relief</u>." *Weaver v. Axis Surplus Ins. Co.*, No. 13-CV-7374 (SJF)(ARL), 2014 U.S. Dist. LEXIS 154746, at *39-40 (E.D.N.Y. Oct. 30, 2014) (emphasis added). Because the Garber Action and Consumer Actions share common facts, under New York law, the PPL Exclusion precludes coverage for the Garber Action. *See Cushman & Wakefield, Inc. v. Ill. Nat'l Ins. Co.,* No. 14 C 8725, 2018 U.S. Dist. LEXIS 67523, at *45-49 (N.D. Ill. Apr. 20, 2018) (applying New York law).

Pfizer's argument that, under New Jersey law,[10] there is no "substantial overlap" between the Garber Action and Consumer Actions, is misplaced. Pfizer

---

policy year arising out of . . . a single wrongful act or related wrongful acts[.]" The court did not address, or cite to any authority regarding the meaning of "related," and instead simply discussed the difference between the two claims, which were far more attenuated than the Garber Action and the Consumer Actions.

[10] Because the outcome would be the same under New York or New Jersey law, and because of the dearth of New Jersey case law addressing the Arch Policy's

cites the test applied in *First Trenton*[11] and *Regal-Pinnacle*[12], neither of which interprets the language in the Arch Policy's PPL Exclusion. In *First Trenton* and *Regal-Pinnacle* the court interpreted prior litigation exclusions that were triggered when multiple claims arose from "<u>the same or substantially same</u>" and "<u>the same or essentially the same</u>" facts circumstances or situations.[13] Interpreting that policy language, both courts adopted the "substantial overlap" test articulated by the First Circuit in *Federal Insurance Company v. Raytheon Company*, 426 F.3d 491 (1st Cir. 2005), where the court also applied narrow policy language deeming claims related when they were "based upon . . . <u>the same or any substantially similar</u> fact, circumstance or situation."

These cases are inapplicable here, because the Arch Policy does not require that various claims share "the same or substantially the same" facts, circumstances or situations, but only that the various claims share "<u>any</u>" common fact, circumstance or situation. The more recent New Jersey decisions, including

---

Pending and Prior Litigation Exclusion language, it is appropriate for this Court to consider New York law even if applying New Jersey law.
[11] No. A-6191-06T3, 2009 N.J. Super. Unpub. LEXIS 2190 (N.J. App. Div. Aug. 11, 2009).
[12] 2013 U.S. Dist. LEXIS 56941, at *2 (D.N.J. Apr. 22, 2013)
[13] Notably, even the *Regal-Pinnacle* court held that multiple claims could be related where they involved different parties, asserted differing theories of recovery and the later action alleged additional facts not alleged in the earlier action. 2013 U.S. Dist. LEXIS 56941, at *26-27.

*Papalia v. Arch Ins. Co.*, 2017 U.S. Dist. LEXIS 121520 (D.N.J. Aug. 1, 2017),[14] indicate that the standard advocated by Pharmacia cannot be used to overcome the more expansive exclusionary language contained in the Arch Policy.[15]

The Arch Policy PPL Exclusion precludes coverage for the Garber Action under New York and New Jersey law.

D.  **The Prior Knowledge Exclusion Precludes Coverage.**

As set forth in greater detail in Arch's opening brief (at 26-33), the Prior Knowledge Exclusion precludes coverage because the Warranty Statement is part of the Arch Policy, and the Arch Policy does not provide coverage for claims "based upon, arising from, or in an way related to any act, error, omission, fact or

---

[14] The fact that the court in *Papalia* was addressing a related claims provision for purposes of extending coverage, as opposed to an exclusion, has no bearing on the determination of the meaning and scope of the Pending and Prior Litigation Exclusion at issue in this case. The court in *Papalia* interpreted the same language at issue here, and held that it was unambiguous and must be interpreted and applied as written. *See Redmond v. Ace Am. Ins. Co.*, 614 F. App'x 77, 80 (3d Cir. 2015) ("Having . . . concluded [that the language is not ambiguous], we apply the Exclusion 'as written.'").

[15] The insurance policy issued by Arch Insurance Company to Pfizer Inc. for the 2004-2005 policy period (Yasinow Dec. Ex. 2) has no bearing on this coverage dispute because that policy was issued by a different insurance company, to a different named insured, for a different policy period, with different terms. In any event, it would be inappropriate to consider this document on a motion to dismiss, because it was not exhibited to, referenced or relied upon in the Complaint, and it is not a matter of public record. Accordingly, the Court should disregard Pfizer's reference to this policy and not consider it for any purpose. Likewise, the fact that co-defendant Twin City Fire Insurance Company has not joined in Arch's motion, and seeks limited discovery, is of no moment. The Twin City Policy has its own Pending and Prior Litigation Exclusion, which differs from the Arch Policy's Pending and Prior Litigation Exclusion.

circumstance" of which any insured person had any prior knowledge.  Pfizer's argument that the Warranty Statement is not incorporated into the Arch Policy is without legal or factual support.  Pfizer cites non-insurance cases that generally discuss the standard for incorporation, without interpreting the specific language in the Arch Policy which incorporates the Warranty Statement.  *See Metro. Life Ins. Co. v. McTague*, 9 A. 766, 766 (1887); *TIG Ins. Co. v. Privilege Care Mktg., Inc.*, Civil Action No. 03-03747 (JBS), 2005 U.S. Dist. LEXIS 7428, at *16 (D.N.J. Apr. 27, 2005).  In any event, the Court may independently consider the Warranty Statement because Pfizer referenced it in its Complaint.  (Compl. ¶¶ 30, 44-45.)

Likewise, Pfizer's argument that, in evaluating the Prior Knowledge Exclusion, New York and New Jersey courts apply a subjective standard is not accurate.  As discussed in detail in Arch's opening brief (at 30-32), New York applies a reasonable person standard.  *See Schlather, Stumbar, Parks & Salk, LLP v. One Beacon Ins. Co.*, No. 5:10-cv-0167 (NPM/DEP), 2011 U.S. Dist. LEXIS 147931, at *20 (N.D.N.Y. Dec. 22, 2011).  As also discussed in detail in Arch's opening brief (at 32-33), New Jersey applies a mixed subjective/objective standard. *See also Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 237-38 (3d Cir. 2006) (applying NJ law) (citing *Selko v. Home Ins. Co.*, 139 F.3d 146, 151 (3d Cir. 1998), interpreting policy language that did not signify use of an objective standard, but nevertheless applied an objective standard).

Even New Jersey's subjective/objective standard is satisfied here because: (1) Pharmacia's executives knew of the pre-August 29, 2002 publicly-available materials, and (2) those materials make clear that Pharmacia should have known of potential claims regarding Celebrex.  Pfizer's argument that Arch failed to demonstrate that Pharmacia's executives had knowledge of Celebrex-related issues at the time they executed the Warranty Statement is belied by the documents they signed.  The SEC disclosure forms (signed by Fred Hassan and Chris Coughlin) contained disclosures relating to the Celebrex-related litigations,[16] and Pharmacia's annual report to its shareholders (signed by Fred Hassan and addressed on behalf of Fred Hassan and Chris Coughlin) discussed FDA's review of the CLASS Study results.  Because they signed these documents, it is beyond dispute that Messrs. Hassan and Coughlin had knowledge of Celebrex-related issues.  *See Bernstein v. United States (In re Bernstein)*, Nos. 15-33303 (JNP), 16-1002, 2017 Bankr. LEXIS 1537, at *17, 120 A.F.T.R.2d (RIA) 5306 (Bankr. D.N.J. June 6, 2017) ("[I]ndividuals are charged with knowledge of the contents of documents they sign

---

[16] Although Arch had access to the SEC disclosures, "[a]n insurer is entitled to rely on the representations of the insured and . . . is under not duty to investigate the truthfulness of the representations." *Gluck v. Exec. Risk Indem., Inc.*, 680 F. Supp. 2d 406, 415 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *Napoliello v. Metro. Life Ins. Co.*, Civil Action No. 05-5534 (JAG), 2008 U.S. Dist. LEXIS 47994, at *16 (D.N.J. June 19, 2008) (same).  In any event, Arch obtained the Pending and Prior Litigation Exclusion, which protected it from any claims, including the Garber Action, arising out of interrelated wrongful acts forming the basis of the Consumer Actions.

. . . ."); *Am. R. Express Co. v. Lindenburg*, 260 U.S. 584, 591 (1923) (same); *Abdelgadir Aboied v. Saudi Arabian Airlines Corp.*, 566 F. App'x 34, 35 (2d Cir. 2014) (same). Accordingly, the Prior Knowledge Exclusion independently precludes coverage for the Garber Action.

### III.   CONCLUSION

For all of the foregoing reasons, Arch's motion should be granted, and Pfizer's Complaint should be dismissed with prejudice.

Dated:      April 30, 2018

                                     **WHITE AND WILLIAMS LLP**

By: _____
       Andrew Hamelsky, Esq.
       Erica Kerstein, Esq.
       (admitted *pro hac vice*)
       Elyor Pogorelskiy, Esq.
       (admitted *pro hac vice*)
       *Attorneys for Defendant*
       *ARCH SPECIALTY INS. CO.*
       7 The Legal Center, One River Front Plaza
       1037 Raymond Blvd. Suite 230
       Newark, New Jersey 07102
       201-368-7206