# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHARMACIA CORPORATION N/K/A PFIZER INC., <br><br>    Plaintiff, <br><br>  v. <br><br>ARCH SPECIALTY INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY, <br><br>    Defendants. | Civil Action No. 2:18-cv-00510-ES-MAH <br><br><br><br>**PROPOSED JOINT DISCOVERY PLAN** |

  Plaintiff Pharmacia Corporation ("Pharmacia") n/k/a Pfizer Inc. ("Pfizer") and Defendants Arch Specialty Insurance Company ("Arch") and Twin City Fire Insurance Company ("Twin City") (collectively, the "Parties"), having conferred as required by Federal Rule of Civil Procedure 26(f), submit the following proposed Joint Discovery Plan, consistent with the form Joint Discovery Plan attached to the Court's March 22, 2018 Order (Dkt. No. 31) setting the initial scheduling conference in this case:

**1. Set forth a factual description of the case.  Include the causes of action and affirmative defenses asserted.**

  This insurance coverage dispute relates to Pfizer's claim for payment of settlement costs arising out of a suit against Pharmacia[1] and several Pharmacia directors and officers (D&O) in the District of New Jersey entitled *Robert L. Garber v. Pharmacia Corp., et al.*, No. 03-1519 (AET) (D.N.J.), later consolidated and captioned *Alaska Electrical Pension Fund, et al. v. Pharmacia Corp., et al.*, No. 03-1519 (D.N.J.) (the "*Garber* Action").  The *Garber* Action was a securities class action filed by Pharmacia shareholders alleging that defendants made false and misleading statements relating to the arthritis drug Celebrex.  The *Garber*

---

[1] Pfizer acquired Pharmacia in April 2003.

Action settled for $164 million and Pfizer alleges that it also incurred additional amounts in defending that Action, for total losses of approximately $207 million.

National Union Insurance Company of Pittsburgh, Pa. ("National Union") issued the primary policy (the "Primary Policy"). The two polices at issue in this action are seventh-layer excess Arch Policy No. 12DOX0520500 (the "Arch Policy") with limits of $10 million excess of $130 million and eighth-layer excess Twin City Policy No. DA0211966-02 (the "Twin City Policy") with limits of $10 million excess of $140 million (collectively the "Excess Policies"). Both Excess Policies "follow form" to the Primary Policy, meaning that aside from attachment points and limits of liability (and except as otherwise provided in the Excess Policies), the Excess Policies incorporate and adopt the terms, conditions, definitions and exclusions of the Primary Policy.

Following a failed mediation and mandatory cooling off period as required in the Excess Policies, on January 12, 2018, Plaintiff filed this lawsuit against Arch, Twin City and Liberty Mutual Insurance Company ("Liberty"), alleging cause of action for (1) breach of contract, (2) anticipatory breach of contract, and (3) declaratory judgment.[2] Pfizer seeks the full amount of the limits under the Excess Policies in connection with the *Garber* Action, as well as all costs incurred as a consequence of having to prosecute this lawsuit, including attorneys' fees, as well as prejudgment and post judgment interest.

On March 1, 2018, Arch moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Pfizer's Complaint based on two coverage defenses. First, Arch argues that coverage for the *Garber* Action is precluded by the Arch Policy's "Pending and Prior Litigation Exclusion." Second, Arch argues that, alternatively, coverage for the *Garber* Action is precluded by an August 2002 Warranty Letter signed by former Pharmacia executives (the "Warranty Letter Defense"). Arch's motion to dismiss was fully briefed as of April 30, 2018, and the motion day was May 7, 2018. Arch has not yet filed its Answer with affirmative defenses to Pfizer's Complaint. Arch specifically reserved its rights to assert additional affirmative defenses available to it under the Primary Policy, the Arch Policy, and available at law and equity.

On March 2, 2018, Twin City answered Pfizer's Complaint. The principal affirmative defenses raised in Twin City's Answer include the Pending and Prior Litigation Exclusion and the Prior Notice Exclusion contained in the Twin City

---

[2] Pfizer and Liberty have since settled their dispute, and the Court has entered a Stipulation of Dismissal with prejudice as to Liberty. Dkt. No. 46.

Policy, the Warranty Letter Defense, together with the question of whether the Twin City Policy is triggered based on the nature and terms of the settlements entered into by the underlying insurers (the "Attachment/Exhaustion Issue"). To the extent necessary, Arch also intends to argue that the Attachment/Exhaustion Issue precludes coverage.

**2.     Have settlement discussions taken place?**

No material settlement discussions have taken place with Arch or Twin City since the pre-suit mediation.

**3.     The Parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

It is anticipated that by the conference, all Parties will have exchanged Fed. R. Civ. P. 26(a)(1) initial disclosures.

**4.     Describe any discovery conducted other than the above disclosures.**

On March 5, 2018, Twin City served on Pfizer its first set of Requests for Admission and Requests for the Production of Documents. These requests are narrowly tailored to provide Twin City with the documents it needs to file an early dispositive motion. By agreement of Twin City and Pfizer, both requests are deemed served on April 30, 2018, the date of the Parties' Rule 26(f) conference.

**5.     Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

As mentioned above, on March 1, 2018, Arch filed a pre-answer motion to dismiss Pfizer's Complaint on the grounds stated above.

To the extent the Court grants Arch's pre-answer motion to dismiss, such decision could be dispositive as to the entire case, including Pfizer's claims against Twin City. Arch's position, therefore, is that discovery should be stayed pending the Court's decision on the motion, preserving the parties' and the Court's resources. Arch's position is that such a stay would be short, and would not prejudice any of the parties' rights. Arch reserves its right to address its request for stay at the initial conference on May 17, 2017. Accordingly, any proposed discovery plan and briefing that follows is subject to Arch's reservation of rights to seek a stay pending the Court's decision on its pre-answer motion to dismiss.

Twin City does not oppose Arch's request for a stay of discovery to the extent it does not affect Pfizer's obligation to respond to the limited discovery requests that have been served by Twin City.  In general, Twin City believes that early-stage summary judgment motions should be appropriate on all three of the issues discussed below (the Pending and Prior Litigation Exclusions, the Prior Notice Exclusion and the Attachment/Exhaustion Issue), although it believes that the precise timing of any such motions should not be set until Twin City has had the opportunity to review the responses to the narrow discovery requests it has promulgated.

The Parties have conferred and reached some agreement regarding additional motions, and have also identified areas of disagreement as follows:

### A.  Pending and Prior Litigation Exclusions

To the extent Arch's pre-answer motion to dismiss is denied, the Parties have discussed and agreed that either without necessitating discovery, or with very limited discovery, the applicability of the Pending and Prior Litigation Exclusions is properly the subject of cross motions for summary judgment.  Pfizer proposes the following briefing schedule:

| | |
|---|---|
| Opening papers: | June 29 |
| Opposition papers: | August 10 |
| Reply papers | August 31 |

Arch and Twin City believe it is premature to set a briefing schedule on this issue.  From Arch's perspective, this issue has already been briefed in its pending motion to dismiss and any re-briefing would be duplicative.  Twin City believes that it may be able to consolidate briefing on the Pending and Prior Litigation Exclusion and the highly similar Prior Notice Exclusion once it has completed its initial and limited discovery efforts, such that the submission of summary judgment motions under the fixed schedule proposed by Pfizer is inefficient and may lead to the filing of largely redundant and overlapping motions.  Arch and Twin City instead propose that the parties work together in good faith in the near term to agree on mutually acceptable dates for the filing of early-stage summary judgment motions to the extent they are necessary.

### B. Prior Notice Exclusions

Pfizer believes that the applicability of the Prior Notice Exclusion can be determined as a matter of law on undisputed facts, as the critical issues mirror those issues with respect to the Pending and Prior Litigation Exclusion, and therefore the Prior Notice Exclusion should be part of the same briefing. The factual question identified by Defendants below (whether notice was previously provided to the Defendants or under prior policies as contemplated within the Exclusions) is likely not capable of being answered by Defendants' initial targeted discovery efforts. However, because the overlapping relatedness issue posed by the two Exclusions should be dispositive for both, Pfizer requests leave to file the Prior Notice Exclusion motion on the same schedule applicable to the Prior and Pending Litigation Exclusion set forth above.

Arch and Twin City agree that the applicability of the Pending and Prior Litigation Exclusion and the Prior Notice Exclusion turns on a highly similar legal analysis and that both exclusions can be ruled upon as a matter of law by early-stage motion practice. However, the Prior Notice Exclusion cannot be ruled upon as a matter of law without discovery because Arch and Twin City cannot yet determine whether Pfizer/Pharmacia gave notice of any of the Celebrex-related matters under any prior insurance policy issued by another insurer. This precise information is the subject of Twin City's initial targeted discovery. It is thus premature to set a summary judgment briefing schedule that incorporates the Prior Notice Exclusion.

### C. Attachment/Exhaustion Issue

Pfizer believes that the Attachment/Exhaustion Issue can be determined as a matter of law on undisputed facts concerning what payments were made by other insurers on the 2002-2003 coverage tower. No discovery is needed on this Issue beyond proof of payment by the underlying insurers which will be formally disclosed before the end of the month (the relevant documents were previously provided to Defendants during the course of the pre-suit mediation). Pfizer requests leave to file a summary judgment motion with respect to the Attachment/Exhaustion Issue and proposes the same schedule applicable to the Prior and Pending Litigation Exclusion set forth above.

To the extent Defendants believe that they need the settlement agreements between Pfizer/Pharmacia and all underlying insurers to respond to the motion, Pfizer has suggested that Defendants include a Rule 56(d) argument as a component of their opposition. The arguments concerning the relevance and

discoverability of the settlement agreements will mirror those Pfizer will assert in support of its summary judgment motion (proof of payment is sufficient to satisfy the policy language regarding exhaustion; any settlement agreement is irrelevant). Addressing those arguments in the context of a Rule 56(d) opposition will enable the Court to substantively rule on the motion instead of requiring two motions - a discovery motion and a subsequent summary judgment motion.

Again, Arch and Twin City agree that an early-stage summary judgment motion on the Attachment/Exhaustion Issue is appropriate but disagree that a ruling on this issue can be made as a matter of law without any discovery. In particular, the insurers are entitled to see the actual terms and conditions of the settlement agreements entered into between Pfizer/Pharmacia and the underlying insurers on the Pharmacia insurance tower to determine whether those underlying policies have been fully exhausted in accordance with the terms of the Arch and Twin City policies. The Twin City policy further requires that the underlying insurers "shall have duly admitted liability" before the Twin City policy can be triggered. This information can only be obtained from the underlying settlement agreements themselves, not just from representations or characterizations made by Pfizer.

Twin City has requested these agreements in its initial targeted discovery, and Pfizer has stated that it will not voluntarily produce them. Accordingly, the issue can now be promptly and efficiently be resolved through a motion to compel. The parties will then be in a position to address this issue through summary judgment motions. Arch and Twin City should not be put to the task, as Pfizer proposes, of addressing this issue in the context of a response to a premature summary judgment motion that requires the parties and the Court to consider the merits of the Attachment/Exhaustion Issue before the requisite and easily ascertainable facts have been obtained through the discovery process.

**6.    The Parties propose the following:**

**a)    Discovery is needed on the following subjects:**

The Parties agree that motion practice as it relates to the Pending and Prior Litigation Exclusions under the Arch and Twin City Policies can be determined on undisputed facts without the need for discovery.

The Parties intend to engage in the following discovery, with the first three topics to be addressed immediately to enable the Parties and the Court to assess the Summary Judgment Motions identified above:

1. Any notices given by Pharmacia to its insurers prior to the 2002-2003 policy period concerning any Celebrex-related claims;
2. Documents sufficient to show what payments were made by insurers on the 2002-2003 coverage tower, and whether such payments were exclusively for the *Garber* Action;
3. Settlement agreements between Pfizer/Pharmacia and all underlying insurers in the 2002-2003 tower describing the terms and conditions under which they agreed to make payments in connection with the *Garber* Action;[3]
4. Pfizer's standing in bringing the instant action;
5. Defendants' waiver of coverage defenses;
6. Underwriting and brokering of Arch's and Twin City's 2002-2003 D&O policies, and of the 2002-2003 D&O coverage tower to the extent such documents are sought from non-parties to this action (Arch and Twin City wanted to make clear that third party documents sought as part of this category must be sought from third parties; Pfizer understands that generally applies to all discovery);
7. The August 2002 Warranty Letter, and any knowledge by Pharmacia Executives who signed the Warranty Letter that is relevant to the Prior Knowledge Exclusion;
8. Any relevant, non-privileged portions of Arch's and Twin City's claim files relating to the *Garber* Action; and
9. Communication between and among insurers on the 2002-2003 D&O coverage tower regarding the *Garber* Action.

**b)    Should discovery be conducted in phases?**

Pfizer believes that discovery should proceed with respect to all issues subject to the prioritization of the first two items identified above, with a goal towards moving the entire action towards resolution as quickly as possible. The phased approach proposed by Defendants inequitably permits Defendants to delay

---

[3] Pfizer believes that this category 3 of discovery, which concerns the Attachment/Exhaustion Issue, is unnecessary as the Attachment/Exhaustion Issue can be determined as a matter of undisputed fact demonstrated by information produced in response to category 2. Defendants believe that the settlement agreements are relevant to the Attachment/Exhaustion Issue, and intend to seek such discovery over Pfizer's objections.

Pfizer's ability to get to the end of the case if the parties are required to pause litigation of certain of Defendants' defenses while the Court evaluates others.

Arch and Twin City believe that a phased approach is preferable because it allows the Court to efficiently decide the potentially dispositive Pending and Prior Litigation Exclusion, Prior Notice Exclusion and Attachment/Exhaustion Issue after a brief period of limited discovery, while leaving more fact-intensive issues (including the Warranty Letter/Prior Knowledge Exclusion) for a later date. The Parties have built in enough time in the proposed schedule (below) so that Pfizer will not be prejudiced by having to wait to pursue other discovery.

c) **Number of Interrogatories by each party to each other party:** 25.

d) **Number of Depositions to be taken by each party:** 5.

e) **Plaintiff's expert report due on:** Parties' simultaneous opening expert reports, February 1, 2019.

f) **Defendant's expert report due on:** Parties' simultaneous rebuttal expert reports, February 28, 2019.

g) **Motions to Amend or to Add Parties to be filed by:** January 30, 2019.

h) **Dispositive motions to be served within** 30 **days of completion of discovery.**

i) **Factual discovery to be completed by:** December 28, 2018.

j) **Expert discovery to be completed by:** March 22, 2019.

k) **Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

Only the Joint Proposed Confidentiality Order that the parties will submit.

l) **A pretrial conference may take place on:** May 14, 2019.

m) **Trial by jury or non-jury Trial?**

Jury trial.

n) **Trial date:** June 3, 2019.

7. **Do you anticipate any discovery problem(s)?**

   No, other than discovery motions related to settlement agreements

8. **Do you anticipate any special discovery needs (i.e., videotape /telephone depositions, problems with out-of-state witnesses or documents, etc.)?  If so, please explain.**

   Not at this time.  The parties intend to videotape all depositions.

9. **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

   This case is not appropriate for voluntary arbitration or mediation.  First, per L. Civ. R. 201.1(e)(6), this case is inappropriate for arbitration since "it involves complex . . . legal issues" of insurance law and "legal issues predominate over the factual issues."  Second, this case is inappropriate for mediation, as the Parties have already participated in pre-lawsuit mediation and it was unsuccessful.  The Parties believe that this case will be resolved on dispositive motion practice, and so no special master or special procedure will be required.

10. **Is this case appropriate for bifurcation?**

    No.

11. **We [do _____ do not _____X\_\_\_\_] consent to the trial being conducted by a Magistrate Judge.**

Dated: New York, NY
May 14, 2018

| | |
|---|---|
| MCKOOL SMITH, P.C. | WHITE & WILLIAMS, LLP |
| By: s/ Robin L. Cohen<br>Robin L. Cohen (NJ Attorney ID No. 030501986)<br>Adam S. Ziffer (admitted *pro hac vice*)<br>Marc T. Ladd (admitted *pro hac vice*)<br>Denise N. Yasinow (NJ Attorney ID No. 148032015) | By: s/ Andrew Hamelsky<br>Andrew Hamelsky, Esq.<br>Erica Kerstein (admitted *pro hac vice*)<br>Elyor Pogorelskiy, Esq. (admitted *pro hac vice*) |
| One Bryant Park, 47th Floor<br>New York, NY  10036<br>Tel: (212) 402-9400 | The Legal Center, One River Front Plaza<br>1037 Raymond Blvd. Suite 230<br>Newark, NJ  07102<br>(201) 368-7206 |
| *Attorneys for Plaintiff Pharmacia Corporation n/k/a Pfizer Inc.* | *Attorneys for Defendant Arch Specialty Insurance Company* |

CLYDE & CO US LLP

By: s/ Marianne May
Marianne May (NJ Attorney ID No. 47031997)
Douglas M. Mangel (admitted *pro hac vice*)
Alexander R. Karam (admitted *pro hac vice*)
Tim Sheehan (NJ Attorney ID No. 179892016)

200 Campus Drive, Suite 300
Florham Park, NJ 07932
(973) 210-6700

*Attorneys for Defendant*
*Twin City Fire Insurance Company*