July 10, 2018

**ELECTRONICALLY FILED**

The Honorable Michael A. Hammer
Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: *Pharmacia Corporation v Arch Specialty Insurance Company, et al.*
      Civil Action No. 18-cv-510 (ES) (MAH)

Dear Judge Hammer:

  Pursuant to paragraph 15 of the Pretrial Scheduling Order (Dkt. No. 56), defendants Arch Specialty Insurance Company and Twin City Fire Insurance Company submit this reply letter brief in further support of their request for the production of all settlement agreements between Pfizer and the insurance companies that issued the Underlying Insurance and that describe any payment and/or release under the Underlying Insurance in connection with the Garber Action. This letter incorporates and will not repeat the background provided in the insurers' initial letter brief and will utilize the various terms defined therein.

  The insurers have made a particularized showing that they have a strong need for the underlying settlement agreements and that they cannot otherwise gain the information needed to establish two defenses that have been asserted in this action. In response, Pfizer argues that it has already provided Arch and Twin City with proof that the Underlying Insurance has been exhausted by payments for the Garber Action and that the additional provision in the Twin City Policy requiring that the underlying insurers duly admit their liability should not be enforced by its clear terms. Neither of these arguments is sufficient to defeat the insurers' right to discovery under Rule 26 and the settlement agreements must be produced pursuant to the terms of the Confidentiality Agreement entered by this Court.

**I. Pfizer Has Not Produced Evidence That The Underlying Policies Were Exhausted By Payments Made Solely In Connection With The Garber Action**

  Notably, both the Arch and Twin City Policies require that the Underlying Insurance be exhausted by payments made ***under*** those policies. That is, if the underlying settlement agreements indicate that any of the underlying insurers received releases under policies other than the Underlying Insurance as partial consideration for the payments made in connection with the Garber Action, it will raise an issue as to whether the payments made by those insurers must be allocated among multiple policies and whether the Underlying Insurance has been properly exhausted. The relevance of this issue is apparent from *JP Morgan Chase & Co. v. Indian Harbor Ins. Co.,* 947 N.Y.S.2d 17 (2d Dep't 2012), cited by Arch and Twin City in their initial letter brief, which involved this precise issue under substantively identical policy language. It

21174982v.1

also bears noting that Pfizer has remained silent and not taken issue with the statement in Arch and Twin City's initial letter brief (p. 5) that they have reason to believe that one or more of the settlement agreements at issue here granted releases under other policies apart from the Underlying Insurance.

Pfizer tries to skirt this issue by arguing that it **has** produced documents establishing that the Underlying Insurance has been exhausted by payments made under those policies for the Garber Action.  But the content of these documents clearly indicates otherwise.  While the records pertaining to the primary policy and the 2nd and 3rd layer excess policies do show that those insurers made payments for "Garber," they provide no insight into the key question of whether the insurers may have also received releases in connection with other policies or other claims as consideration for the payments made for the Garber Action.  Even more importantly, the payment records for the 1st, 4th, 5th, and 6th layer excess policies contain absolutely no references to the Garber Action.  The limited payment documentation submitted by Pfizer therefore does not come close to establishing that the Underlying Insurance has been properly exhausted.[1]

Pfizer also tries to side-step the exhaustion issue by arguing that New Jersey law does not require that the Underlying Insurance be exhausted so long as the total loss incurred by Pfizer exceeds the limits of the Underlying Insurance.  But Pfizer has previously argued in response to Arch's motion to dismiss that the question of whether New York or New Jersey law applies here is a fact intensive issue that cannot be resolved at this stage.  *See* Dkt. No. 45 at 15.  The choice of law issue is not before the Court at this time and Pfizer's opportunistic contradiction of its prior position should be ignored.

## II.     Production Of The Settlement Agreements Is Required To Determine Whether The Underlying Insurers Duly Admitted Liability

The plain language in the Twin City Policy states that the underlying insurers must duly admit liability *and* pay the full amount of their respective liability.  These are two separate requirements under the Twin City Policy, such that it is not enough for Pfizer to establish that the Underlying Insurance has been exhausted.  *JP Morgan Chase* addressed a similar "admit liability" requirement, demonstrating why Twin City must be afforded access to the settlement agreements here.  Pfizer attempts to distinguish *JP Morgan Chase* by arguing that the decision applies Illinois law and has not been followed by any other court.  However, the Court need not determine at this stage whether *JP Morgan Chase* was correctly decided.  The ultimate question of whether the Underlying Insurance at issue here has been properly exhausted will be decided by the Court at the summary judgment stage after discovery has been completed.  At this stage, the only question is whether the settlement agreements are relevant to Twin City's defense for discovery purposes.

---

[1] The cases cited by Pfizer on page 3 of its letter brief for the proposition that payment records can sometimes be relied upon to establish exhaustion did not involve situations in which an excess insurer was fairly challenging whether the underlying insurers may have received consideration under other policies and therefore are not relevant here.

2

### III. The Confidentiality Issues Raised By Pfizer Have No Merit

The various confidentiality considerations raised by Pfizer are simply smokescreens and have no bearing here. For instance, the *Ford Motor* and *Merck* decisions cited by Pfizer (p. 2) involve attempts to obtain documents that reflect confidential settlement negotiations between the parties. Similarly, the decisions Pfizer cites relating to Federal Rule of Evidence 408 (p. 5) involve attempts to use settlement agreements to establish or refute the liability of one of the parties to the agreements. None of these considerations apply here, where Arch and Twin City are not concerned with the substance of settlement negotiations but rather seek the production of the final agreements to determine whether their respective policies have been triggered – not as evidence that Pfizer is liable or that coverage does not exist under the Underlying Insurance.

In addition, Pfizer has not identified any legitimate prejudice that might flow from the production of the settlement agreements. The fact of the agreements and the amounts paid thereunder could conceivably be confidential but Pfizer had no hesitation in announcing these details in its coverage complaint. If the settlement agreements show that the Underlying Insurance has been exhausted, as Pfizer contends, then the production of those agreements will not give Arch and Twin City an unfair advantage in future settlement negotiations. In fact, if the underlying insurers did pay their full policy limits, Arch and Twin City could only gain an advantage if the underlying insurers also obtained some other benefit (*e.g.,* release of other claims or policies), which Pfizer appears to deny. Finally, the Confidentiality Order entered by the Court (Dkt. No. 55) expressly permits Pfizer to designate the settlement agreements as documents that are for "Attorneys' Eyes Only" and that cannot be produced directly to Arch and Twin City. This limitation more than suffices to satisfy any legitimate confidentiality concerns.[2]

### IV. Conclusion

For the reasons stated herein and in their initial letter brief, Arch and Twin City respectfully request that the Court order the production of the settlement agreements at issue pursuant to the terms and conditions of the existing Confidentiality Order.

Sincerely,

 /s/*Andrew Hamelsky*
WHITE & WILLIAMS, LLP
Andrew I. Hamelsky
Erica Kerstein (*pro hac vice*)

*Counsel for Defendant*
*Arch Specialty Insurance Company*

---

[2] Importantly, the issues raised herein with respect to the settlement agreements will not impact the substantive scope of the releases granted in connection with the Underlying Insurance and will instead only impact Pfizer's ability to trigger coverage under the Arch and Twin City policies. This may explain why six of the seven underlying insurers have not expressed an interest in this issue and no underlying insurer has identified any specific prejudice that will flow from the requested production.

    /s/*Marianne May*
CLYDE & CO US LLP
Marianne May
Timothy Sheehan
Douglas M. Mangel (*pro hac vice*)
Alexander R. Karam (*pro hac vice*)

*Counsel for Defendant*
*Twin City Fire Insurance Company*