Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PHARMACIA CORP.**, <br><br> Plaintiff, <br><br> v. <br><br> **ARCH SPECIALTY INS. CO.**, *et al.*, <br><br> Defendants. | **Civil Action No. 18-0510 (ES) (MAH)** <br><br> **ORDER** |

**SALAS, DISTRICT JUDGE**

The Court having adopted Local Civil Rule 301.1 and Appendix Q; and it appearing that mediation of these civil actions would conserve resources and be in the best interests of the Court and of the parties; and the Undersigned having conferred about the same with lead counsel on March 11, 2020; and the parties having agreed to mediate this action (*see* D.E. No. 113), and good cause appearing;

IT IS on this 26th day of March 2020;

**ORDERED** that this civil action is hereby referred to mediation consistent with Rule 301.1; and it is further

**ORDERED** that Counsel and the parties shall mutually participate in mediation and shall cooperate with the mediator in good faith. Any failure in this regard may be considered a violation of this Order. There being no conflicts of interest, the Court designates as mediator in this case:

> Jed. D. Melnick
> 620 Eighth Avenue, 34th Floor
> New York, NY 10018

-2-

and it is further

**ORDERED** that the parties participate in mediation as scheduled on May 11, 2020, and any other date set by the mediator. (D.E. No. 114). Counsel and the parties, including individuals with settlement authority, shall attend mediation sessions as requested by the mediator. The mediator may meet with counsel and the parties jointly or ex parte. All information presented to the mediator shall be deemed confidential and shall be disclosed by the mediator only upon consent of counsel, except as necessary to advise the Court of an apparent failure to participate. The mediator shall not be subject to subpoena by any party. No statements made or documents prepared for mediation sessions shall be disclosed in any subsequent proceedings or be construed as an admission against interests; and it is further

**ORDERED** that the parties shall split the cost of mediation; and it is further

**ORDERED** that the parties shall notify the Court immediately after mediation has concluded; and it is further

**ORDERED** that this civil action is hereby STAYED for all purposes, and the pending motions (D.E. Nos. 87 & 89), are administratively TERMINATED for docket management purposes only; and it is further

**ORDERED** that to the extent the parties are unable to resolve all claims with 120 days from the issuance of this Order, the parties shall jointly submit correspondence to this Court stating whether they wish to extend mediation or, alternatively, whether they wish to reinstate this matter; and it is further

**ORDERED** that should mediation be unsuccessful the Court will reinstate this action. At that time, the parties may reinstate the pending motions (D.E. Nos. 87 & 89) by filing new notices of motion for summary judgment, along with an affidavit stating that each party will rely on their

-3-

previously filed briefs and supporting documents submitted with their now-terminated cross-motions for summary judgment. To the extent the parties wish to supplement their briefs with new legal authority published *after* the original motions were briefed, the Court will entertain such a request at that time.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
